[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 5, 2008
THOMAS K. KAHN
CLERK

No. 07-12392
Non-Argument Calendar

_____

D. C. Docket No. 06-00078-CR-ORL-28-JGG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PRESTON ANGELO WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(February 5, 2008)**

Before CARNES, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Preston A. Williams appeals the 57-month sentence he received after

pleading guilty, with the benefit of a plea agreement, to one count of conspiracy to commit fraud and other offenses against the United States, in violation of 18 U.S.C. § 371, and four counts of theft of government property, in violation of 18 U.S.C. § 641. Williams argues on appeal that the district court (1) erred in failing to grant him an acceptance of responsibility reduction, or otherwise erred in calculating his sentencing range, and (2) violated the Eighth Amendment prohibition against cruel and unusual punishment and its proportionality clause by imposing the 57-month sentence. For the reasons set forth below, we affirm.

## BACKGROUND

In the wake of Hurricanes Katrina and Rita, Williams engaged in a conspiracy to defraud the Federal Emergency Management Agency ("FEMA"). He ultimately received four checks totaling $16,858, and he obtained or caused to be obtained an additional $24,358 in FEMA funds for persons other than himself whom he knew were not entitled to the funds. In May 2006, a federal grand jury returned a thirteen-count indictment against Williams. He ultimately entered into a plea agreement, wherein he pled guilty to five of the thirteen counts.

The plea agreement contained a sentence appeal waiver. According to the appeal waiver provision, Williams agreed to waive his right to appeal his sentences, or to challenge his sentences collaterally on any ground, including the

ground that the district court erred in determining his applicable sentencing range pursuant to the Guidelines, except on the ground that: (1) his sentences exceeded his applicable sentencing range as determined by the district court pursuant to the Guidelines; (2) his sentences exceeded the statutory maximum penalty; or (3) his sentences violated the Eighth Amendment to the Constitution.

Prior to sentencing, and while on bond that was later revoked, Williams was shot in the back while fleeing from carjackers. His attorney later requested a complete medical examination because puss pockets had allegedly formed around the bullet wounds and prison officials were allegedly trying to charge Williams for treatment of those wounds. Defense counsel never asked the district court to take this into consideration at sentencing.

The district court ultimately sentenced Williams to 57 months' imprisonment on each of the five counts, to run concurrently, and it dismissed the remaining counts of the indictment.

**DISCUSSION**

A. Acceptance of Responsibility

As an initial matter, we note that Williams's appellate brief, which was prepared with the assistance of counsel, does not argue that: (1) his guilty pleas were involuntary; (2) the plea agreement is invalid because the government

3

breached it in any respect, including by failing to request that he receive an acceptance of responsibility reduction; or (3) he did not knowingly or voluntarily agree to the sentence appeal waiver. Williams has thus abandoned any such arguments on appeal. *See Dalrymple v. United States*, 460 F.3d 1318, 1327, n.11 (11th Cir. 2006) (deeming abandoned an argument not raised in the appellants' initial brief). Even so, the transcript of the change of plea hearing reveals that the magistrate judge satisfied the core concerns of Fed. R. Crim. P. 11, and discussed the appeal waiver provision with Williams. Accordingly, Williams's guilty pleas and the sentence appeal waiver are valid.

We ordinarily review a district court's acceptance of responsibility determination for clear error. *United States v. Amedeo*, 370 F.3d 1305, 1320 (11th Cir. 2004). To the extent that an appeal waiver is applicable, however, an appellant is barred from challenging his sentence on appeal. *See United States v. Frye*, 402 F.3d 1123, 1129 (11th Cir. 2005) (per curiam). A sentence appeal waiver may be enforced, so long as it was knowingly and voluntarily made. *United States v. Bushert*, 997 F.2d 1343, 1350 (11th Cir. 1993).

Williams does not argue that the appeal waiver was not knowingly or voluntarily made. Moreover, because Williams's sentence did not exceed his Guidelines range, as determined by the district court, and none of the other limited

4

exceptions to his appeal waiver is applicable here, he is precluded from appealing his sentences based on the district court's refusal to award him an acceptance of responsibility reduction, or on the ground that the court otherwise erred in calculating his guideline range.

B. Eighth Amendment

We ordinarily review de novo the legality of a sentence. *See United States v. Moriarty*, 429 F.3d 1012, 1025 (11th Cir. 2005) (per curiam). An unpreserved objection, however, will only be reviewed for plain error. *United States v. Zinn*, 321 F.3d 1084, 1087 (11th Cir. 2003). To prevail under the plain error standard, an appellant must show that (1) the district court plainly erred, and (2) the error implicated his substantial rights. *Id.* at 1087. Regardless of the standard of review that we apply, however, Williams's claims fail.

The Eighth Amendment prohibits the infliction of cruel and unusual punishment, U.S. Const. amend. VIII, but it only applies to convicted inmates. *Purcell ex rel. Estate of Morgan v. Toombs County, Ga.*, 400 F.3d 1313, 1318 n.3, 1319 (11th Cir. 2005). By contrast, the Fourteenth Amendment Due Process Clause governs pretrial detainees. *Andujar v. Rodriguez*, 486 F.3d 1199, 1203 n.3 (11th Cir.), *cert. denied*, — U.S. —, 128 S. Ct. 385, 169 L. Ed. 2d 271 (2007). As noted above, Williams's appeal waiver only permits him to raise an Eighth

Amendment claim, not a Fourteenth Amendment claim. Nevertheless, even if the Eighth Amendment is applicable here, and Williams's claims are based exclusively on it, his claims fail.

### 1. Deliberate Indifference

After Williams indicated that he had medical needs that prison officials had not met, the district court sentenced him within the Guidelines range and specifically recommended that he be committed to a medical facility so that his medical needs could be addressed. There is no basis for an argument that such action constitutes deliberate indifference in violation of the Eighth Amendment.

### 2. Proportionality

The Eighth Amendment "contains a 'narrow proportionality principle' that 'applies to noncapital sentences,'" *Ewing v. California*, 538 U.S. 11, 20, 123 S. Ct. 1179, 1185, 155 L. Ed. 2d 108 (2003) (quoting *Harmelin v. Michigan*, 501 U.S. 957, 996–97, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991) (Kennedy, J., concurring in part and concurring in judgment)), and forbids the imposition of a sentence that is "grossly disproportionate" to the offense committed, *United States v. Raad*, 406 F.3d 1322, 1324 (11th Cir. 2005) (per curiam). An appellant carries the burden of making this threshold showing. *United States v. Johnson*, 451 F.3d 1239, 1243 (11th Cir.) (per curiam), *cert. denied*, — U.S. —, 127 S. Ct. 462, 166 L. Ed. 2d 329

6

(2006).  "Outside the context of capital punishment, there are few successful challenges to the proportionality of sentences."  *Id.* at 1242.  "In general, a sentence within the limits imposed by statute is neither excessive nor cruel and unusual under the Eighth Amendment."  *Moriarty*, 429 F.3d at 1024 (internal quotation marks omitted).

The 57-month sentences that Williams received were within the statutory limits and the appropriate Guidelines range for Williams's offenses.  Thus, Williams has not satisfied his burden of showing that his sentences were grossly disproportionate to the offenses committed.

## CONCLUSION

For the foregoing reasons, we affirm Williams's 57-month total sentence.

**AFFIRMED.**