[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 16, 2006
THOMAS K. KAHN
CLERK

No. 05-14375

D. C. Docket No. 03-20588-CV-KMM

DONATO DALRYMPLE,
HECTOR S. ABELAIRAS, et al.,

Plaintiffs-Appellants,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Florida

**(August 16, 2006)**

Before DUBINA and KRAVITCH, Circuit Judges and MILLS,*District Judge.

DUBINA, Circuit Judge:

_____

*Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

This case arises from the execution of search and administrative warrants by Immigration and Naturalization Service ("INS") agents authorizing the removal of Elian Gonzalez ("Elian") from his great-uncle's home in Miami on April 22, 2000. Appellants, individuals that were present during the execution of the warrants, filed a complaint pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq*., against the United States ("the government"), seeking damages for injuries caused by the INS agents' use of force during the search. Appellants Mirtha Maria Falcon and her two minor children, Antonio Ortega and Yuliet Colon, and appellants Alexei Torres, Angela Taina Toro, and Carlos R. Zayas (referred to collectively as the "dismissed plaintiffs") challenge the district court's order dismissing their claims for lack of subject matter jurisdiction.[1] The remaining appellants challenge the district court's finding that, as a matter of law, the agents' actions were objectively reasonable under the circumstances. For the reasons discussed below, we affirm the district court's final judgment.

## I. BACKGROUND

---

[1]Appellants assert that Plaintiff Conception Maria Cabral ("Cabral") appeals the district court's order dismissing her claims for lack of jurisdiction. Our review of the Notice of Appeal reveals that Cabral is not listed as one of the plaintiffs appealing to this court, thus she is not an appellant to this action. However, the same legal analysis and reasoning set out in this opinion would apply to her claims as well.

On November 25, 1999, officials found Elian, a six-year-old Cuban boy, floating on an inner-tube off the coast of Fort Lauderdale, Florida. The INS paroled Elian into the United States and released him into the custody of his great-uncle, Lazaro Gonzalez ("Gonzalez"). Elian and Gonzalez, on Elian's behalf, filed petitions with the INS seeking political asylum. Shortly thereafter, Elian's father, a Cuban citizen, requested that Elian be returned to Cuba. The INS determined that the petitions for asylum were legally void and refused to consider their merit.[2] The INS then revoked Gonzalez's custody of Elian. After refusing to surrender Elian, the INS issued an administrative warrant for Elian and obtained a search warrant to enter Gonzalez's home. The INS agents executed the search and administrative warrants at approximately 5:15 a.m. on Saturday, April 22, 2000.

Appellants are individuals who were either on Gonzalez's property, neighbors of Gonzalez, demonstrators that were either behind a barricade or advancing towards Gonzalez's property, or other bystanders near Gonzalez's property at the time the agents executed the warrants. They brought this action against the government based on the government's use of gas during the execution of the warrants. Appellants allege that during the execution of the warrants a

---

[2]This decision was eventually appealed to this court and we affirmed the INS's findings that the petitions were legally void. *See Gonzalez v. Reno*, 212 F.3d 1338 (11th Cir. 2000).

3

federal agent, using an Israeli gas gun, indiscriminately sprayed gas and "shouted obscenities, pointed guns and/or threatened to shoot, beat, kicked and punched neighborhood residents, passers-by and persons who had assembled peacefully outside the [Gonzalez] home." R. Vol. 2, Folder 1, Doc. 71 at 25. According to the appellants, an agent sprayed some of them "directly in the face, at point blank range," with the gas gun. *Id.* at 78. Based on these allegations, the appellants filed suit against the government under the FTCA for assault and battery, false imprisonment, intentional and negligent infliction of emotional distress, and negligence.

Prior to filing suit in federal court, each appellant filed an administrative claim, or a Standard Form 95 ("SF-95"),[3] with the United States Department of Justice ("Department"). The claims were filed on April 22, 2002, exactly two years from the day the appellants' claims accrued. The appellants attached to each SF-95 a copy of the amended complaint filed in an earlier case, *Dalrymple v. Reno*, 164 F. Supp. 2d 1364 (S.D. Fla. 2001), in which fifty-two plaintiffs demanded $100 million in damages for constitutional violations arising from the execution of

---

[3]A Standard Form 95 is the standard form used to file a claim against the government under the FTCA. *See* 28 C.F.R. § 14.2(a).

the warrants to obtain custody of Elian.[4] On the SF-95 there is a space to insert a sum certain sought by the claimant. All of the SF-95s submitted by the appellants contained a sum certain of $250,000 except for the SF-95s submitted by the dismissed plaintiffs, who failed to insert any sought amount on their SF-95s.

After the government failed to respond to all of the appellants' administrative claims within the prescribed six-month time period, the appellants properly filed their claims under the FTCA in federal court. The government filed a motion to dismiss the claims of the appellants who failed to provide a sum certain in their administrative claims, arguing that the district court lacked jurisdiction because they failed to meet the statutory prerequisite for filing suit. The district court adopted the magistrate's report and recommendation and dismissed those appellants' claims for lack of jurisdiction, finding that they failed to meet the statutory prerequisite of providing a sum certain.

The district court granted summary judgment in favor of the government as to the majority of the remaining appellants (referred to collectively as "the summary judgment plaintiffs") after discovery and based upon the magistrate

---

[4]Specifically, the complaint asserted claims against Attorney General Janet Reno, INS Commissioner Doris Meissner, and Deputy Attorney General Eric Holder, in their individual capacities under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), for violations of the plaintiffs' First, Fourth and Fifth Amendment rights. *Reno*, 164 F. Supp. 2d at 1367-69, *rev'd*, 334 F.3d 991 (11th Cir. 2003).

judge's report and recommendation, finding that the government's use of either tear gas or pepper spray was a reasonable use of force and was privileged under Florida state law. Relying on "[t]he undisputed evidence in the record" which "establishe[d] that many protestors sought to interfere with the INS officers' ability to execute the warrants and remove Elian Gonzalez from the Gonzalez home," by throwing objects such as a stool, rocks and bottles at the agents, the district court concluded that the agents' use of force was objectively reasonable and did not give rise to the summary judgment plaintiffs' alleged tortious causes of action under the FTCA.

The district court denied the government's motion for summary judgment as to the assault and battery and intentional infliction of emotional distress claims of the remaining appellants who were allegedly not on the Gonzalez's property, were not advancing towards the agents or the Gonzalez's property, and who were gassed at a close range either behind the barricade or on their own property (collectively referred to as the "trial plaintiffs").[5] The district court concluded that there was a question of fact as to whether the use of gas as to the trial plaintiffs

---

[5]These appellants include Elsa Anderson, Ramon Diago, Antonio Ortega, Madeline Peraza, Maria Riera, Eduardo Rodriguez, Gloria Sanchez, Illena Santana, Carmen Valdes, Leslie Alvarz, and Nancy Canizares. Additionally, the government inadvertently failed to move for summary judgment as to Armanda Santos's claims. Thus, her claims survived summary judgment as well.

was objectively reasonable. After a six-day bench trial, the district court entered judgment in favor of the government as to the trial plaintiffs' claims, finding that they failed to establish by a preponderance of credible evidence that the use of force was unreasonable under the circumstances. The district court found that the deployment of the gas gun was in response to the demonstrators' threats and that the agent was 10 to 15 feet away from the demonstrators when he deployed the gun. The district court's findings of fact were supported by videotape evidence which corroborated the agents' testimony regarding the circumstances surrounding the execution of the warrants.

Because the district court found that the trial plaintiffs failed to prove that the circumstances under which they were exposed to gas was different from the circumstances surrounding the use of gas against the summary judgment plaintiffs, the district court relied on its earlier holding that, as a matter of law, the use of either tear gas or pepper spray was objectively reasonable under the circumstances. Thus, the agents' use of gas did not support the trial plaintiffs' assault and battery and intentional infliction of emotional distress claims under the FTCA. Accordingly, the district court entered final judgment in favor of the government. Appellants then perfected this appeal.

## II. ISSUES

Appellants present two issues for appellate review: (1) whether the district court erred in dismissing the dismissed plaintiffs' claims for lack of subject matter jurisdiction on the basis that they failed to satisfy the statutory prerequisite of providing a sum certain in their administrative claims before filing suit against the government under the FTCA; and (2) whether, as to the remaining appellants, the district court erred in finding that, as a matter of law, the agents' use of tear gas during the execution of the warrants was objectively reasonable under the circumstances because it violated the INS's policies and procedures.

## III.  STANDARDS OF REVIEW

We review *de novo* the district court's order granting a motion to dismiss for lack of subject matter jurisdiction.  *Broward Gardens Tenants Ass'n v. United States EPA*, 311 F.3d 1066, 1072 (11th Cir. 2002).  We review a district court's grant of summary judgment *de novo*.  *McCormick v. City of Ft. Lauderdale*, 333 F.3d 1234, 1242-43 (11th Cir. 2003).  "We review a district court's legal conclusion *de novo* and its fact findings for clear error."  *Cohen v. United States*, 151 F.3d 1338, 1340 (11th Cir. 1998).

## IV.  DISCUSSION

*A.  Lack of jurisdiction*

8

The FTCA provides a limited waiver of the United States' sovereign immunity for tort claims. *Suarez v. United States*, 22 F.3d 1064, 1065 (11th Cir. 1994). "It allows the government to be sued by certain parties under certain circumstances . . . ." *Id.* However, "[a] federal court may not exercise jurisdiction over a suit under the FTCA unless the claimant first files an administrative claim with the appropriate agency." *Id*. (citing 28 U.S.C. § 2675 (a)). The administrative claim must be filed within two years from the time the claim accrues and must be "accompanied by a claim for money damages in a sum certain." 28 C.F.R. § 14.2(a); 28 U.S.C. §§ 2675, 2401(b). "When the sum certain is omitted, the administrative claim fails to meet the statutory prerequisite to maintaining a suit against the government, and leaves the district court without jurisdiction to hear the case." *Suarez*, 22 F.3d at 1065.

The dismissed plaintiffs do not dispute that they failed to provide a sum certain on their SF-95s when they were filed on April 22, 2002. However, they contend that because they submitted additional documentation with the SF-95s from which the government could have ascertained a sum certain, and because they corrected the omission within one month of the filings, the "technical deficiency" does not preclude the federal court from hearing the case. Specifically, the dismissed plaintiffs argue that the additional ninety-seven SF-95s,

9

which included a sum certain and were filed on the same day and in the same box as the dismissed plaintiffs' SF-95s, provided sufficient notice to the government of the claimed amount and therefore satisfied the jurisdictional requirement of the FTCA. The dismissed plaintiffs additionally assert that the attached *Dalrymple v. Reno* complaint, in which plaintiffs sought $100 million, is sufficient documentation from which the government could have ascertained a sum certain for each of the dismissed plaintiffs. Finally, the dismissed plaintiffs concede that they did not correct the omission within the two year statute of limitations for filing an administrative claim; however, they contend that the omission does not preclude the federal court's jurisdiction because they corrected the omissions within one month of the filings, and the government was not prejudiced by the delay.[6]

This court has stated that it takes "a somewhat lenient approach to the 'sum certain' requirement." *Tidd v. United States*, 786 F.2d 1565, 1567 n.6 (11th Cir. 1986). However, "[w]e have held that the FTCA requires, at a minimum, that a claimant expressly claim a sum certain or provide documentation which will allow

---

[6]Appellants asserted at oral argument that this court should toll the two-year statute of limitations for filing a sum certain under the FTCA. When questioned, appellants asserted that this argument was implicitly made to the court in its initial brief. However, after carefully reviewing the appellants' initial brief, we conclude that the appellants failed to raise the issue sufficiently for discussion, and thus it is deemed abandoned. *See Doe v. Moore*, 410 F.3d 1337, 1349 n.10 (11th Cir. 2005).

10

the agency to calculate or estimate the damages to the claimant." *Suarez*, 22 F.3d at 1066. The government contends that neither the additional documentation attached to the dismissed plaintiffs' claims nor the correction made after the statute of limitations expired satisfies the prerequisite to filing suit under the FTCA. We agree.

The FTCA requires that *each* claim and *each* claimant meet the prerequisites for maintaining a suit against the government. 28 U.S.C. § 2675(a). As our sister circuits have held, in multiple claimant actions under the FTCA "each claimant must 'individually satisfy the jurisdictional prerequisite of filing a proper claim.'" *Haceesa v. United States*, 309 F.3d 722, 734 (10th Cir. 2002) (quoting *Muth v. United States*, 1 F.3d 246, 249 (4th Cir. 1993)); *see also Keene Corp. v. United States*, 700 F.2d 836, 842 (2d Cir. 1983) ("Where separate claims are aggregated under the FTCA, the claimant must present the government with a definite damage amount for each claim."). Accordingly, because each claimant must independently satisfy the prerequisite for filing suit under the FTCA by providing a sum certain claim, we conclude that the other ninety-seven claimants who filed a sum certain claim do not satisfy the statutory prerequisite for the dismissed plaintiffs who omitted a sum certain in their claims.

11

Additionally, the attached *Dalrymple v. Reno* complaint is not sufficiently specific such that the government could have calculated or estimated the damages to each of the dismissed plaintiffs. In *Molinar v. United States*, 515 F.2d 246 (5th Cir. 1975)[7] the former Fifth Circuit held that although the plaintiff failed to provide a sum certain in his administrative claim, he satisfied the FTCA's prerequisite by attaching to his claim medical bills and repair estimates totaling the exact amount of damages he sought. *Id.* at 249. Unlike the medical bills and repair estimates in *Molinar*, the attached *Dalrymple* complaint does not contain specific information as to the alleged damages that each dismissed plaintiff is seeking.

As to four of the dismissed plaintiffs, the *Dalrymple* complaint does not provide insight into the amount each plaintiff is seeking because they were not parties to the *Dalrymple* action.[8] Even as to the dismissed plaintiffs who were parties to the action, the complaint does not provide information as to the amount of damages the individual plaintiffs in the *Dalrymple* action sought, rather it provides a total amount of damages for the multiple plaintiffs. Although the

---

[7]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[8]The four appellants include Mirtha Maria Falcon, Antonio Ortega, Yuliet Colon, and Angela Taina Toro.

dismissed plaintiffs contend that the government could have ascertained a sum certain based on the *Dalrymple* complaint by dividing the total amount of damages by the number of plaintiffs to determine that each appellant in the present action is seeking a sum certain of approximately $2 million, this contradicts the dismissed plaintiffs' assertion that the sum certain that each plaintiff is seeking is $250,000. Moreover, even if it were possible to ascribe to the dismissed plaintiffs a portion of the aggregate damages claimed in the *Dalrymple* complaint, it would not shed light on the value of their FTCA claims because the damages sought in the *Dalrymple* complaint are not representative of the damages they are seeking under the FTCA.[9] Accordingly, we hold that the *Dalrymple* complaint does not meet this court's standard for satisfying the statutory prerequisite for filing suit under the FTCA.

Finally, the dismissed plaintiffs' correction of the omission of a sum certain within one-month of the filing, but undisputedly after the two-year statute of limitations,[10] is not sufficient to correct the error, despite the government's lack of prejudice. A sum certain, or documentation from which the court can reasonably

---

[9]The plaintiffs in the *Dalrymple* complaint sought punitive damages and prejudgment interest, both of which are not available under the FTCA. *See* 28 U.S.C. § 2674.

[10]It is undisputed that the appellants' claims accrued on April 22, 2000, and thus the two-year statute of limitations ran on April 22, 2002, the day they filed their administrative claims.

estimate the damages, must be filed with the appropriate agency within the two-year statute of limitations in order to satisfy the prerequisite to bringing suit against the government under the FTCA. *See Adkins v. United States*, 896 F.2d 1324, 1325 (11th Cir. 1990); *see also Kokotis v. United States Postal Serv.*, 223 F.3d 275, 278 (4th Cir. 2000) ("Failure to request a sum certain within the statute of limitations deprives a district court of jurisdiction over any subsequently filed FTCA suit."); *Kokaras v. United States*, 980 F.2d 20, 22 (1st Cir. 1992) ("[A] timely-presented claim stating a sum certain is necessary for a court to have jurisdiction to entertain a suit against the United States under the FTCA"); *Cizek v. United States*, 953 F.2d 1232, 1234 (10th Cir. 1992) (holding that failure to provide a sum certain within the two-year statute of limitations deprived the federal court of subject matter jurisdiction); *Wardsworth v. United States*, 721 F.2d 503 (5th Cir. 1983) (same). The dismissed plaintiffs clearly did not provide a sum certain or any additional documentation from which the government could have sufficiently ascertained the amount of damages they were seeking within the two-year statute of limitations. Accordingly, we conclude that the district court did not err in dismissing for lack of subject matter jurisdiction the claims of the dismissed plaintiffs.

 *B. Reasonable Use of Force*

The remaining appellants contend that the district court erred in finding that, as a matter of law, the agents' use of tear gas was objectively reasonable under the circumstances, and thus not actionable under Florida tort law. Appellants argue that the use of tear gas, rather than pepper spray, violated the INS's policies and procedures in effect at the time of the execution of the warrants, as well as the INS's Operational Plan, and thus does not constitute an objectively reasonable use of force and gives rise to tortious causes of action under Florida law.[11] Even viewing the facts in the light most favorable to the summary judgment plaintiffs, and thus assuming that tear gas was used and such use violated the INS's policies, procedures, and plan, the appellants fail to establish that such a violation supports liability under Florida tort law.

Violating an internal policy or procedure does not create a cause of action under the FTCA against the government unless the challenged conduct is independently tortious under applicable state law. *See Miles v. Naval Aviation Museum Found., Inc.*, 289 F.3d 715, 722 (11th Cir. 2002) ("The FTCA creates

---

[11]Although appellants argued to the district court that the violation of the internal policies and procedures created a "zone of risk" sufficient to support liability for negligence under Florida tort law, the appellants did not raise this argument to this court in their initial brief. Accordingly, we deem it abandoned. *See Randolph v. Green Tree Fin. Corp.*, 244 F.3d 814, 816 (11th Cir. 2001). However, even if this court were to consider the merits of such argument, for the reasons stated above, we agree with the district court that any negligence claims premised on the agents' use of tear gas fail as a matter of law because their actions were objectively reasonable under the circumstances.

15

liability for the United States only if the act at issue is a tort in the state where the conduct occurred."). The FTCA was not intended "to create new causes of action" or "to enforce federal statutory duties." *Pate v. Oakwood Mobile Homes, Inc.*, 374 F.3d 1081, 1084 (11th Cir. 2004) (quoting *Howell v. United States*, 932 F.2d 915, 917 (11th Cir. 1991)). "[E]ven where specific behavior of federal employees is required by statute, liability to the beneficiaries of that statute may not be founded on the [FTCA] if state law recognizes no comparable private liability." *Id.* (quoting *Sellfors v. United States*, 697 F.2d 1362, 1367 (11th Cir. 1983)). In cases in which the government employees' actions involve "uniquely governmental functions," as in this case, we have held that the "comparison of activities need not be exact." *Id.* (quoting *Howell*, 932 F.2d at 918).

Adopting the magistrate judge's report and recommendation, the district court held that the agents' actions did not constitute a tort because the agents' use of force was objectively reasonable, and thus privileged under Florida law. Specifically, in his report and recommendation the magistrate judge relied on section 776.05 of the Florida statute, which provides, in part,

> A law enforcement officer, or any person whom the officer has summoned or directed to assist him or her, need not retreat or desist from efforts to make a lawful arrest because of resistance or threatened resistance to the arrest. The officer is justified in the use of any force:

16

(1) Which he or she reasonably believes to be necessary to defend himself or herself or another from bodily harm while making the arrest . . . .

Fla. Stat. § 776.05 (2000). The appellants do not attempt to dispute the magistrate judge's findings adopted by the district court that the "evidence in the record establishes that many protestors sought to interfere with the INS officers' ability to execute the warrants and remove Elian Gonzalez from the Gonzalez home" and evidence supporting the district court's finding that "the conduct of many protestors and certain plaintiffs would constitute obstruction and/or interference under both Florida and federal law."

The magistrate judge found that the gas gun was used only in response to threats posed by the demonstrators. For example, the magistrate judge found that the demonstrators posed a threat when they ran towards the Gonzalez's property upon the agents' arrival and then refused to return to the opposite side of the street barricade upon the agents' requests. The magistrate judge further found that, as a result, an agent sprayed the Israeli gas gun in the direction of the demonstrators who were advancing on the property. The magistrate judge found that the gun was used again when the demonstrators behind the barricade posed a threat by surging towards the front of the barricade while throwing objects including rocks, bottles, a stool, and coolers at the agents and refused to comply with the verbal and

17

physical commands of the agents. Based on these undisputed findings of fact, we agree with the district court that such obstruction and interference posed by the demonstrators justified the use of either pepper spray or tear gas and was objectively reasonable under the circumstances.

Additionally, the trial plaintiffs contend that the district court's findings of fact that the Israeli gas gun contained oleoresin capsicum ("OC spray"), or pepper spray, are clearly erroneous because the parties agreed in the Joint Pretrial Stipulations that the gas gun was filled with 0-chlorobenzalmalononitrile ("CS gas"), or tear gas. After reviewing the trial transcript, we conclude that the district court's findings of fact are supported by testimony presented at trial. (R. Vol. 7, Trial Tr. Vol. IV at 45, 47-48.) "For a reviewing court to conclude that a district court clearly erred in its finding of fact, the reviewing court, after examining the entire record, must be left with the definite and firm conviction that a mistake has been committed." *Lykes Bros., Inc. v. United States Army Corps of Eng'rs*, 64 F.3d 630, 636 (11th Cir. 1995) (internal quotation omitted). Having reviewed the entire record, we are not left with the definite and firm conviction that a mistake has been committed. There is evidence that supports both the district court's finding and the trial plaintiffs' contention. When there is evidence supporting

conflicting findings of fact, "the resolution of such factual disputes is the province of the trial court." *Id.*

## V. CONCLUSION

For the foregoing reasons, we affirm the district court's final judgment entered in favor of the government.

**AFFIRMED.**