[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-11465
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 14, 2011
JOHN LEY
CLERK

D.C. Docket No. 9:09-cv-82285-JIC


GARY CHARLES BRESTLE,

                                                    Plaintiff - Appellant,


versus


UNITED STATES OF AMERICA,

                                                    Defendant - Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 14, 2011)

Before TJOFLAT, EDMONDSON and WILSON, Circuit Judges.

PER CURIAM:

Gary Brestle, a federal prisoner proceeding pro se, appeals the district court's dismissal of his complaint brought pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1), 2671 et seq. No reversible error has been shown; we affirm.

The allegations in Brestle's FTCA complaint stemmed from events underlying his prior criminal proceedings.[1] Brestle alleged that two agents with the Federal Bureau of Investigation ("FBI") interfered with a witness, who was contacted by the government in connection with the criminal investigation of Brestle, by telling the witness false information about a civil lawsuit in which Brestle was involved. Brestle also alleged that the government prevented him from selling his house and from conducting business transactions with a Florida businessman. Brestle characterized this conduct as tortious interference with his economic expectations.

The district court dismissed the complaint because (1) it was based on the same operative facts as his previously denied section 2255 motion and, thus, was

---

[1]Brestle pleaded guilty to wire fraud and promotion of money laundering. He unsuccessfully challenged his convictions and sentences in a 28 U.S.C. § 2255 motion to vacate.

successive; (2) it attacked the validity of his underlying convictions and, thus, was barred by Heck v. Humphrey, 114 S.Ct. 2364 (1994); and (3) it was barred by the FTCA's two-year statute of limitations. On appeal, Brestle argues that the district court impermissibly characterized his tort claims as a successive collateral attack on his criminal convictions.[2]

We disagree with the district court's conclusion that Brestle's complaint attacked his underlying convictions. While Brestle's FTCA complaint is based on the same core facts that gave rise to his section 2255 motion, Brestle's claims of witness tampering and tortious interference do not challenge the fact of his convictions or duration of his sentences. And Brestle sought money damages, not a speedier release. See Heck, 114 S.Ct. at 2369 (habeas corpus is "the exclusive remedy . . . [to] challenge[] the fact or duration of . . . confinement and seek[] immediate or speedier release," even though the claims may come within the procedural framework of a civil rights complaint).

But we may affirm the district court on any ground supported in the record. See Greenberg v. National Geographic Soc'y, 533 F.3d 1244, 1272-73 n.28 (11th Cir. 2008) (en banc) (explaining that "it is an axiom of appellate review that the

---

[2]We review de novo a district court's grant of a motion to dismiss. Dalrymple v. United States, 460 F.3d 1318, 1324 (11th Cir. 2006).

3

judgment of a district court may be affirmed upon any adequate ground, even if it is other than the one on which the court actually relied"). And here, the record shows that the district court lacked jurisdiction over Brestle's complaint; so, dismissal was appropriate. See United States v. Straub, 508 F.3d 1003, 1008 (11th Cir. 2007) (reviewing sua sponte whether a district court had subject-matter jurisdiction).

The FTCA provides that the government is liable in tort if the complained-of conduct is committed under circumstances where the United States, if a private person, would be liable to the claimant in accordance with state law. 28 U.S.C. § 1346(b)(1). Brestle's allegation that FBI agents interfered with a witness is premised solely on principles of federal criminal law. Because this claim would not be cognizable in tort under the laws of Florida, it is not cognizable in an FTCA action.

The FTCA specifically declines to waive sovereign immunity for claims that are based on "misrepresentation, deceit, or interference with contract rights." See 28 U.S.C. § 2680(h). And the substance of Brestle's other claims involve governmental misrepresentation of facts and corresponding interference with Brestle's purported contractual and business relationships. While Brestle characterized these claims as tortious interference with economic expectations,

4

"[i]t is the substance of the claim and not the language used in stating it which controls whether the claim is barred by an FTCA exception." See JBP Acquisitions, LP v. United States ex rel. F.D.I.C., 224 F.3d 1260, 1264 (11th Cir. 2000) (quotation omitted).

Thus, Brestle's remaining claims rest on grounds that Congress specifically excluded from the FTCA's waiver of immunity. Bounds on a waiver of sovereign immunity must be observed strictly; and Brestle's complaint fails to overcome those limitations. See Lehman v. Nakshian, 101 S.Ct. 2698, 2701-02 (1981). A question of sovereign immunity is a jurisdictional issue; without a statutory waiver, a district court has no jurisdiction to entertain a suit against the United States. United States v. Mitchell, 100 S.Ct. 1349, 1351 (1980). So, because the government was immune from suit, the district court's order of dismissal was appropriate.[3]

AFFIRMED.

---

[3]Because we conclude that the district court lacked jurisdiction over Brestle's claims, it is unnecessary to discuss his argument the FTCA's limitations period should be equitably tolled.