[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-11028
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 4, 2011
JOHN LEY
CLERK

D.C. Docket No. 5:10-cv-00635-CLS

MARTRICIA CHAPMAN,

Plaintiff-Appellant,

versus

U.S. POSTAL SERVICE,
POSTMASTER GENERAL, U.S. POSTAL SERVICE,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(October 4, 2011)

Before MARCUS, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Martricia Chapman, a black female, appeals the dismissal of her pro se second

amended complaint, which alleged harassment, discrimination, fraud, and violations

of the Family Medical Leave Act ("FMLA").  The district court dismissed her action after concluding that she failed to state a claim upon which relief could be granted.  On appeal, she: (1) questions whether the district court erred in reviewing her exhibits, and in considering the length of abuse, harassment, and intimidation; and (2) asserts that she presented enough evidence to show that her employer, the United States Postal Service ("USPS"), violated the law.  After thorough review, we affirm.

We liberally construe pro se briefs and pleadings.  Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).  Issues not briefed on appeal by a pro se litigant are deemed abandoned.  Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008).  Issues merely identified but not argued on the merits are deemed waived.  Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989).

We review de novo a district court's decision to dismiss a complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6).  Am. United Life Ins. Co. v. Martinez, 480 F.3d 1043, 1056-57 (11th Cir. 2007).  The complaint is viewed in the light most favorable to the plaintiff, and all of the plaintiff's well-pleaded facts are accepted as true.  Id. at 1057.  A district court may properly dismiss a complaint if it rests only on conclusory allegations, unwarranted factual deductions, or legal conclusions masquerading as facts.  Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1185 (11th Cir. 2003).

2

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). If a complaint fails to state a claim upon which relief may be granted, the district must dismiss it. Fed.R.Civ.P. 12(b)(6). Although the complaint does not need detailed factual allegations, it must provide the grounds for relief, which "requires more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 555. In order to state a claim, the plaintiff needs to allege enough facts to make the claim "plausible on its face." Id. at 570.

The Supreme Court has held that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. __, 129 S.Ct. 1937, 1949 (2009). In considering a motion to dismiss, a court should eliminate any legal conclusions contained in the complaint, and then determine whether the factual allegations, which are assumed to be true, give rise to relief. Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010). Further, "courts may infer from the factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the

3

unlawful conduct the plaintiff would ask the court to infer." Id. (quoting Iqbal, 556 U.S. at ___, 129 S.Ct. at 1951-52).

When a viable cause of action includes fraud as an element, the plaintiff "must state with particularity the circumstances constituting fraud . . . ." Fed.R.Civ.P. 9(b). The plaintiff must allege: (1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the plaintiff; and (4) what the defendants gained by the alleged fraud. Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1202 (11th Cir. 2001).

First, we are unpersuaded by Chapman's FMLA claim.[1] Under the FMLA, eligible employees are entitled to up to 12 workweeks of unpaid leave during any 12-month period for "a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). To be "eligible," an employee must have worked for the employer for at least 12 months and 1,250 hours. Id. § 2611(2)(A). To protect the availability of these rights,

---

[1] We note, as an initial matter, that Chapman's brief actually makes no argument that the district court improperly dismissed any of her claims. She does not discuss the order, except to say that the court found her claims indecipherable, and she cites no legal reasons as to why her complaint stated a claim. Nevertheless, even assuming that Chapman's statements are sufficient to preserve appellate review of the final dismissal order, we must affirm since Chapman failed to comply with Rule 8 or state a claim under Rule 12(b)(6) for all of her claims, and failed to allege sufficient facts to establish subject matter jurisdiction for an FTCA claim, as discussed below.

4

the FMLA prohibits employers from interfering with, restraining, or denying "the exercise of or the attempt to exercise" any rights guaranteed under the Act. Id. § 2615(a)(1). We have recognized "that § 2615(a) creates two types of claims: interference claims, in which an employee asserts that [her] employer denied or otherwise interfered with [her] substantive rights under the Act, and retaliation claims, in which an employee asserts that [her] employer discriminated against [her] because [she] engaged in activity protected by the Act." Hulbert v. St. Mary's Health Care System, Inc., 439 F.3d 1286, 1293 (11th Cir. 2006) (quotation omitted). To state a claim for interference, an employee must allege that she was denied a benefit to which she was entitled under the FMLA. See id. "To establish a prima facie case of retaliation, the plaintiff must show that: (1) [she] engaged in statutorily protected activity; (2) [she] experienced an adverse employment action; and (3) there is a causal connection between the protected activity and the adverse action." Id. at 1297.

Here, Chapman's second amended complaint did not show that she was entitled to FMLA relief because: (1) she did not show that she was entitled to a benefit under the FMLA, as is required for a claim of interference; and (2) she did not allege an adverse employment action, as is required for a claim of retaliation. See id. at 1293, 1297. She therefore has failed to state a claim under the FMLA.

We also reject Chapman's discrimination claim. Title VII of the Civil Rights Act of 1964 establishes that it is an "unlawful employment practice" to discriminate against an employee on the basis of "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). It also prohibits retaliating against an employee because she has "opposed . . . an unlawful employment practice." Id. § 2000e-3(a). Title VII coverage extends to federal employees under certain circumstances. See id. § 2000e-16.

Among other requirements, in order to establish a discrimination or retaliation claim, a plaintiff must allege that she suffered an adverse employment action. Crawford v. Carroll, 529 F.3d 961, 970 (11th Cir. 2008). A claim for disparate treatment also requires an adverse employment action. Maniccia v. Brown, 171 F.3d 1364, 1368 (1999). Except for retaliation claims, in order to establish an adverse employment action, a plaintiff must allege that she suffered "a serious and material change in the terms, conditions, or privileges of employment." Crawford, 529 F.3d at 970-71 (citation and emphasis omitted). With regard to a retaliation claim, a plaintiff must show that "a reasonable employee would have found the challenged action materially adverse, which . . . means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006) (quotations omitted). We have

6

held that a message from a supervisor that the plaintiff's "job was in jeopardy" was not enough to establish a retaliation claim. Howard v. Walgreen Co., 605 F.3d 1239, 1245 (11th Cir. 2010). A plaintiff may also make a claim for harassment that rises to the level of actionable discrimination, which requires, among other elements, a showing that she has been subject to unwelcome harassment. Miller v. Kenworth of Dothan, Inc., 277 F.3d 1269, 1275 (11th Cir. 2002).

Here, Chapman failed to state a claim under Title VII, as she did not sufficiently allege an adverse employment action for discrimination, disparate treatment, or retaliation purposes. See Crawford, 529 F.3d at 970; Maniccia, 171 F.3d at 1368. As for her discrimination and disparate treatment claims, she alleged within the exhibits to the second amended complaint that she received a letter of warning and had an investigative interview, but did not allege that any of these actions resulted in a serious and material change in the terms, conditions, or privileges of employment. Crawford, 529 F.3d at 970. As for her retaliation claim, her allegations are only conclusory and speculative, since they do not contain enough facts to show that a reasonable employee would be dissuaded from engaging in protected activities. Twombly, 550 U.S. at 555; White, 548 U.S. at 60. And with regard to her claim for harassment, her general allegations of harassment were no more than labels or conclusions, and her only specific claim -- that she had to attend

7

an investigative interview -- did not go beyond a speculative level, as she did not show how one interview equated to unwelcome harassment. Twombly, 550 U.S at 555; Miller, 227 F.3d at 1275. Therefore, Chapman failed to state a claim for relief under Title VII.

Next, we find no merit in her Americans with Disabilities Act ("ADA") claim. The ADA prohibits employers from discriminating against persons with disabilities. 42 U.S.C. § 12101. In order to establish a claim under the ADA, a plaintiff must allege a disability. See Holly v. Clairson Indus., L.L.C., 492 F.3d 1247, 1255 (11th Cir. 2007). The ADA defines "disability" as: (1) a physical or mental impairment that substantially limits one or more of the major life activities of the individual; (2) a record of such impairment; or (3) being regarded as having an impairment. 42 U.S.C. § 12102(1).

Chapman also failed to establish a claim under the ADA because she did not sufficiently allege a disability. Within the second amended complaint and attached exhibits, the only statements regarding disability were that a physical or mental disability was a factor of discrimination, and that she received the warning letter, in part, due to a disability. She did not specify whether she had a physical or a mental disability, what the disability was, or how it impaired a major life activity. See 42 U.S.C. § 12102(1)(A). She also did not provide any record of an impairment within

her second amended complaint, or allege that her supervisors believed that she had an impairment. See id. § 12102(1)(B)-(C). Therefore, Chapman also failed to state a claim for relief under the ADA.

Finally, we are unpersuaded by her Federal Tort Claims Act ("FTCA") claim. Under the FTCA, the federal government has waived its immunity regarding negligent or wrongful actions committed by its employees within the scope of their official duties. 28 U.S.C. § 1346(b)(1). Plaintiffs may file a claim under the Act where "the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act of omission occurred." Id. Under the FTCA, "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . ." Id. § 2401(b). We have held that the exhaustion requirements are jurisdictional, and that the failure to adequately allege exhaustion in the complaint is grounds for dismissal for lack of subject matter jurisdiction. Dalrymple v. United States, 460 F.3d 1318, 1324-26 (11th Cir. 2006).

In this case, assuming that the FTCA -- which has only waived the government's immunity for negligent and wrongful actions committed by its employees -- is the proper vehicle for Chapman to sue the federal government for fraud, she provided no information concerning exhaustion under this statute. 28

U.S.C. §§ 1346(b)(1), 2401(b). Because she made no allegations and provided no documentation that she presented the fraud allegations to the USPS as required by the statute, she failed to establish that the district court had jurisdiction to hear a claim under the FTCA. See Dalrymple, 460 F.3d at 1324-26. To the extent she was attempting to file the claim under a different provision, her claim still fails because the second amended complaint did not allege the specific omissions, statements, or misrepresentations made; the place of the omissions and misrepresentations; or what the Defendants gained from the omissions and misrepresentations. See Ziemba, 256 F.3d at 1202. Therefore, she did not sufficiently allege a claim of fraud under Fed.R.Civ.P. 9.

Accordingly, we affirm.

**AFFIRMED.**