NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MONTANO ELECTRICAL CONTRACTOR,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2014-5133

---

Appeal from the United States Court of Federal Claims in No. 1:13-cv-00435-CFL, Judge Charles F. Lettow.

---

Decided: April 13, 2015

---

JOSE A. MONTANO, Madison, AL, pro se.

BARBARA E. THOMAS, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by JOYCE R. BRANDA, ROBERT E. KIRSCHMAN, JR., BRIAN A. MIZOGUCHI.

---

Before CHEN, BRYSON, and HUGHES, *Circuit Judges.*

PER CURIAM.

Jose Montano appeals from the final decision of the United States Court of Federal Claims (Claims Court) granting the Government's motion to dismiss for lack of jurisdiction and denying Mr. Montano's motion to transfer. *Montano Electrical Contractor v. United States*, 114 Fed. Cl. 675 (2014). We affirm.

BACKGROUND

In 1999, the Army Corps of Engineers (the Corps) awarded a contract to American Renovation & Construction Company (ARC) for the design and construction of family housing at Redstone Arsenal in Huntsville, Alabama. ARC then subcontracted the electrical work on the project to Mr. Montano. At some point, ARC apparently defaulted on its contract with the Corps, which resulted in ARC's surety, St. Paul Mercury Insurance Company (St. Paul), assuming ARC's obligations under the contract and arranging for Soltek Pacific (Soltek) to complete the project as completion contractor. As part of this transition, Mr. Montano's subcontract was assigned to Soltek and Mr. Montano continued to perform under the subcontract.

Thereafter, Mr. Montano filed a claim with St. Paul, seeking payment for electrical work he performed at Redstone Arsenal. After St. Paul rejected this claim, Mr. Montano repeatedly sought assistance from the contracting officer at the Corps. Each time, the contracting officer explained that he was unable to provide the requested assistance because Mr. Montano did not have a contract with the government, and thus the government was not a party to the dispute. The contracting officer also explained that Mr. Montano should pursue any such claim

against the prime contractor under the Miller Act, 40 U.S.C. § 3133.[1]

In response, Mr. Montano filed a request with the Armed Services Board of Contract Appeals (ASBCA) seeking assistance resolving his contract matter. The ASBCA docketed Mr. Montano's request as an appeal and dismissed the appeal for lack of subject matter jurisdiction.

Mr. Montano then filed an action in the Claims Court seeking monetary relief from the government for the money owed on his subcontract. In addition, Mr. Montano asserted that the government was liable for the tortious conduct of the contracting officer. Specifically, Mr. Montano asserted that the contracting officer breached his purported duty to inform Mr. Montano of his cause of action against the prime contractor under the Miller Act before the limitations period expired. The Claims Court concluded that it lacked jurisdiction over Mr. Montano's contract claim because he was not in privity with the government. The Claims Court also determined that it lacked jurisdiction over Mr. Montano's tort claim because claims brought under the Federal Tort Claims Act (FTCA) are expressly excluded from the Claims Court's jurisdiction. Finally, the Claims Court concluded that it could not transfer Mr. Montano's FTCA claim because Mr.

---

[1]     The Miller Act requires a Government contractor to post a payment bond "for the protection of all persons supplying labor and material in the prosecution of the work provided for" in the contract. 40 U.S.C. § 3131(b)(2). The Act then provides that a person who has furnished labor or material under that contract—*i.e.*, a subcontractor—and has not been paid in full within 90 days after the last labor was performed, may initiate a law suit in federal district court on the payment bond for the unpaid amount. 40 U.S.C. § 3133.

Montano had failed to file an administrative claim and therefore no district court could exercise jurisdiction over the claim. The present appeal followed. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review a dismissal for lack of subject matter jurisdiction *de novo*. *Brandt v. United States*, 710 F.3d 1369, 1373 (Fed. Cir. 2013). Although we generally review a decision by the Claims Court not to transfer a matter under 28 U.S.C. § 1631 for abuse of discretion, the underlying determination that no transferee court would possess jurisdiction over the matter is reviewed *de novo*. *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1342–43 (Fed. Cir. 2008).

## A

In his complaint, Mr. Montano first seeks relief for the money he is owed under his subcontract for the performance of electrical work at Redstone Arsenal. The Tucker Act authorizes the Claims Court to exercise jurisdiction over claims against the government involving "any express or implied contract with the United States." 28 U.S.C. § 1491(a)(1). Similarly, the Contract Disputes Act permits a contractor to bring an action challenging an adverse decision by a contracting officer in the Claims Court. 41 U.S.C. § 7104(b)(1). Because a subcontractor ordinarily lacks privity with the government, however, a subcontractor generally cannot bring such an action unless the prime contractor sues the government on the subcontractor's behalf. *E.R. Mitchell Const. Co. v. Danzig*, 175 F.3d 1369, 1370 (Fed. Cir. 1999).

In this case, Mr. Montano acknowledges that he was not in privity with the government. In addition, Mr. Montano cannot assert that he nevertheless can bring the suit through the prime contractor because neither St. Paul nor Soltek are plaintiffs in this action. Thus, the

Claims Court correctly concluded that it lacked jurisdiction over Mr. Montano's contract claims.

## B

Mr. Montano next seeks monetary relief for damages suffered as a result of the contracting officer's alleged negligence. Specifically, he argues that the contracting officer acted negligently in failing to timely advise Mr. Montano of his rights under the Miller Act. The sole vehicle for asserting such a tort claim is the FTCA. 28 U.S.C. § 1346(b). The FTCA explains, however, that

> the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . .

*Id.* § 1346(b)(1). Likewise, the Tucker Act expressly excludes any claims "sounding in tort," from the Claims Court's jurisdiction. 28 U.S.C. § 1491(a)(1). Thus, the Claims Court correctly concluded that it lacked jurisdiction to adjudicate Mr. Montano's claims alleging tortious conduct by the contracting officer.

## C

Finally, Mr. Montano argues that, the Claims Court erred in refusing to transfer his FTCA claim to an appropriate district court. When a court concludes that it lacks jurisdiction to hear an action, 28 U.S.C. § 1631 permits that court to transfer the action "to any other such court in which the action or appeal could have been brought at the time it was filed . . . ." A court may not, however, transfer an action to a court that would itself lack jurisdiction. *Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin.*, 525 F.3d 1299, 1303 (Fed. Cir. 2008) ("A case

may be transferred under section 1631 only to a court that has subject matter jurisdiction.").

Although the FTCA permits tort claims seeking monetary relief from the government to be filed in district court, any person making such a claim must first—as a jurisdictional prerequisite—file the asserted tort claim with the appropriate agency. 28 U.S.C. § 2675(a); *Dalrymple v. United States*, 460 F.3d 1318, 1324 (11th Cir. 2006). Here, before a district court could exercise its jurisdiction over a tort claim by Mr. Montano under the FTCA, Mr. Montano was first required to file his claim asserting negligence by the contracting officer with the Corps. The only claim in this record, however, is the claim that Mr. Montano filed with the ASCBA. Nothing in the record suggests that this claim related in any way to the alleged negligent conduct of the contracting officer. Thus, Mr. Montano has failed to establish this jurisdictional predicate to filing a claim under the FTCA. We agree with the Claims Court that no district court would have possessed jurisdiction over Mr. Montano's FTCA claim at the time he filed it in the Claims Court and, therefore, affirm the Claims Court's decision that it could not transfer Mr. Montano's case.

## CONCLUSION

We have considered Mr. Montano's remaining arguments and find them unpersuasive.

## **AFFIRMED**

No costs.