[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-11845
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-02202-LMM


TONY L. KIGHT, SR.,

Plaintiff-Appellant,

versus

U.S. DISTRICT COURT, NORTHERN DISTRICT OF GEORGIA,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(March 9, 2017)

Before JORDAN, ROSENBAUM and BLACK, Circuit Judges.

PER CURIAM:

Appellant Tony Kight, proceeding pro se, appeals the district court's grant of the Appellee's motion to dismiss his complaint for lack of subject matter jurisdiction. Kight's complaint against appellee, the United States District Court for the Northern District of Georgia ("USDC"),[1] alleged Fifth Amendment due process violations, fraud, and negligence arising out of the USDC's disposition of a previous employment discrimination case against a third party in which Kight was the plaintiff. After review,[2] we affirm.

## I. DISCUSSION

Kight contends the district court erred in dismissing his complaint for lack of subject matter jurisdiction because he identified valid waivers of sovereign immunity for his claims. He asserts his action for declaratory and injunctive relief may proceed against federal officers and the United States generally. He also disputes the district court's alternative holding that he failed to state a claim on which relief could be granted and that it erred in denying his motions for

---

[1] The term "USDC" is used when referring to the United States District Court for the Northern District of Georgia as the defendant, and the term "district court" is used when referring to the district court from which this appeal is taken.

[2] "We review a district court's determination that it lacked subject matter jurisdiction *de novo*." *Mahone v. Ray*, 326 F.3d 1176, 1178 (11th Cir. 2003). We also review the application of the Federal Tort Claims Act ("FTCA") *de novo*. *Turner ex rel. Turner v. United States*, 514 F.3d 1194, 1203 (11th Cir. 2008).

reconsideration.  But because the district court was correct that it did not have subject matter jurisdiction, we need not address these arguments.[3]

The district court did not err in dismissing Kight's complaint because Kight failed to identify a valid waiver of sovereign immunity for his claims.  *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005) (holding the plaintiff has the burden of establishing subject matter jurisdiction); *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit. . . .  Sovereign immunity is jurisdictional in nature." (citations omitted)).  The statutes that he argues waive sovereign immunity for his suit against the USDC are inapposite.[4]  Additionally, Kight's contention that his claims are not barred because he seeks declaratory and injunctive relief is incorrect; he must still establish a valid waiver of sovereign

---

[3] In addition, Counts 2, 3, and 4 of Kight's complaint asserted fraud solely against Kight's defendant and its counsel from his former suit, but do not charge the USDC with any wrongdoing.  The district court properly dismissed them.

[4] Kight submits a laundry list of statutes purportedly constituting a sovereign immunity waiver, but each line item misses the mark.  42 U.S.C. § 1983 and 28 U.S.C. § 1343 apply to federal civil rights violations by state officials.  28 U.S.C. § 1343(a).  These statutes do not waive federal sovereign immunity.  *United States v. Timmons*, 672 F.2d 1373, 1380 (11th Cir. 1982).  28 U.S.C. § 1367(a) provides district courts with supplemental jurisdiction over claims that are closely related to those over which the district court may have original jurisdiction, but does not waive sovereign immunity.  Section 702 of the Administrative Procedure Act provides for certain actions against federal agencies.  5 U.S.C. § 702.  But "agency" does not include the courts of the United States.  5 U.S.C. § 701(b)(1)(B).  Finally, the Declaratory Judgments Act merely creates a remedy allowing district courts to "declare the rights and other legal relations" of parties in suits where a district court has jurisdiction, and does not waive immunity or convey jurisdiction where it otherwise does not exist.  28 U.S.C. § 2201; *Schilling v. Rogers*, 363 U.S. 666, 677 (1960).

immunity before his claims seeking these types of relief from the federal government may go forward. *Lynch v. United States*, 292 U.S. 571, 582 (1934) ("The sovereign's immunity from suit exists whatever the character of the proceeding or the source of the right sought to be enforced.").

Although Kight raised a negligence claim, which the FTCA normally permits, his claim here does not come within the statute's waiver of sovereign immunity. Kight's complaint requests only declaratory and injunctive relief, not damages. Because the FTCA does not waive sovereign immunity for relief other than money damages, his claims seeking injunctive and declaratory relief are barred. 28 U.S.C. § 1346(b)(1); *cf. Dalrymple v. United States*, 460 F.3d 1318, 1324 (11th Cir. 2006). In addition, Kight's claims cannot proceed under the FTCA because the FTCA preserves the defense of judicial immunity where applicable, and the challenged actions of the judges in Kight's prior case are protected by absolute judicial immunity. 28 U.S.C. § 2674; *Bolin v. Story*, 225 F.3d 1234, 1239–42 (11th Cir. 2000) (holding judges who are sued individually are entitled to absolute judicial immunity for actions taken in their judicial capacity unless they acted in the clear absence of all jurisdiction); *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005).

4

## II. CONCLUSION

For the reasons stated above, we affirm the judgment of the district court.

**AFFIRMED.**