[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-14807
Non-Argument Calendar

_____

D.C. Docket No. 1:20-cv-02936-ELR

TIRAM D. LEWIS,
a.k.a. Sir Terrance Mayfield,
a.k.a. Prince Saladin Selassie,
a.k.a. Honor Saladin Selassie,

Plaintiff-Appellant,

versus

AMERICAN TOWER,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 3, 2021)

Before LAGOA, BRASHER, and BLACK, Circuit Judges.

PER CURIAM:

Tiram D. Lewis, proceeding *pro se*, appeals the district court's order dismissing his *pro se* civil complaint for lack of service and absence of subject-matter jurisdiction.  He asserts that, as a *pro se* litigant, he was not required to continue attempting to perfect service upon American Tower Corporation because it had actual notice of the suit.  He further contends the district court abused its discretion by not extending the time for service.  After review,[1] we affirm.

The district court did not err in dismissing Lewis's complaint.  First, a review of the docket sheet shows that American Tower never returned the service-waiver form and Lewis did not otherwise effect proper service upon American Tower.  Fed. R. Civ. P. 4(c)(1), (h)(1) (providing a plaintiff properly serves a corporation-defendant by personally delivering to the corporation's officer or agent a summons and a copy of the complaint, and mailing a copy of each to the defendant, within the time allowed by Rule 4(m)); Fed. R. Civ. P. 4(d)(1) (providing a plaintiff can request a defendant to waive service by notifying the defendant-corporation that an action has been commenced and requesting that the defendant waive service of a summons); *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1282  (11th Cir. 2007) (stating "plaintiffs were

---

[1]   We review for abuse of discretion a district court's dismissal without prejudice for insufficient service of process under Rule 4(m).  *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1280 (11th Cir. 2007).  "We review *de novo* the district court's order granting a motion to dismiss for lack of subject matter jurisdiction." *Dalrymple v. United States*, 460 F.3d 1318, 1324 (11th Cir. 2006).

responsible for formally serving the defendants when the waiver forms were not returned"). It is noteworthy that the waiver form Lewis filed with the district court listed himself as the party waiving service, not American Tower. And, despite Lewis's contention on appeal, American Tower's alleged actual notice of the suit did not cure Lewis's failure to effect service. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (stating this Court requires *pro se* litigants to conform with procedural rules and affirming dismissal of *pro se* litigant's complaint for defective service of process).

The district court was also within its discretion to dismiss Lewis's complaint without extending the time for service after finding Lewis had failed to show good cause for his failure to effect timely service and considering any other factors that would warrant an extension of time based on the facts of the case. *See Lepone-Dempsey*, 476 F.3d at 1281-82 (explaining "good cause exists only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service," and if a district court finds a plaintiff has failed to show good cause and there is no other circumstance that warrants an extension of time, it may exercise its discretion to dismiss the action without prejudice (quotations and alterations omitted)). Thus, the district court did not err in concluding that Lewis failed to properly effect service upon American Tower and acted within its discretion by dismissing his complaint without prejudice. *See id.*;

3

Fed. R. Civ. P. 4(m) (providing if a defendant is not served within 90 days of filing of the complaint, the district court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time").

Moreover, the district court did not err in dismissing Lewis's complaint because there was no basis for subject-matter jurisdiction. First, Lewis did not identify any claim arising under federal law in support of his claims against American Tower. *See* 28 U.S.C.§ 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the constitution, laws, or treaties of the United States."). To support his claim of federal-question jurisdiction, Lewis cited 47 U.S.C. §§ 202, 206, and 207. However, as the district court noted, a review of these statutes shows they permit a person to sue a telecommunications common carrier for damages pertaining to unjust or unreasonable discrimination in service charges and practices. 47 U.S.C. §§ 202, 206, 207. And, while American Tower appears to be a telecommunications common carrier, Lewis's claimed injuries to his person, and the remedies he seeks, do not fall within the prohibited acts and applicable remedies identified by Congress. *See id.*, §§ 202, 207. Second, as to diversity jurisdiction, because Lewis alleged both he and American Tower were citizens of Georgia, the parties were not diverse and thus diversity jurisdiction was lacking. 28 U.S.C. § 1332(a)(1); *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005) (stating diversity jurisdiction requires complete

diversity of citizenship between all plaintiffs and defendants).  Therefore, there was no basis for subject-matter jurisdiction.  28 U.S.C. §§ 1331, 1332(a)(1).

While a *pro se* litigant should generally be afforded the opportunity to amend his complaint, the district court was not required to grant Lewis leave to amend because amendment would have been futile.  *See Evans v. Ga. Reg'l Hosp.*, 850 F.3d 1248, 1254 (11th Cir. 2017), *abrogated on other grounds by Bostock v. Clayton Cnty., Ga.*, 140 S. Ct. 1731 (2020) (generally, before the district court dismisses an action with prejudice a *pro se* plaintiff must be given at least one chance to amend the complaint where a more carefully drafted complaint might state a claim).  Any amendment would not have cured Lewis's lack of service under Rule 4(m).  And, because none of Lewis's grievances arose under federal law and the parties were not diverse, amendment would not have cured the complaint's jurisdictional defects.  Therefore, it was not an abuse of discretion for the district court to dismiss the complaint without affording Lewis leave to amend.

**AFFIRMED.**