[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12253
Non-Argument Calendar
_____

D.C. Docket No. 2:09-cv-00396-JES-DNF

DALE J. TOPPING,

                                                             Plaintiff-Appellant,

versus

UNITED STATES DEPARTMENT OF EDUCATION,
MICHIGAN HIGHER EDUCATION AUTHORITY,
JAKE LEONARD,
JACQUENETTE THOMPSON,
SECRETARY OF EDUCATION,
et al.,

                                                             Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 22, 2013)

Before MARCUS, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Dale Topping, proceeding pro se, appeals the district court's grant of the defendants' motions to dismiss for failure to state a claim on which relief can be granted his claims brought under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), and 42 U.S.C. § 1983. In his complaint, Topping alleged that the defendants had violated his due process rights by taking various actions to collect a student loan dated from February 1982. He claimed that he had disputed the validity of this debt, but the defendants continued their collection efforts without sufficiently resolving his grievance as to the underlying loan. The district court dismissed some of his claims with prejudice (as time barred and because Topping improperly attempted to sue federal and state agencies under Bivens and § 1983, respectively) and others without prejudice (because Topping had not pleaded sufficient facts to overcome a motion to dismiss).[1] On appeal, Topping argues that: (1) the district court improperly dismissed his claims, in part, because no statute of limitations should apply to them; and (2) he alleged facts sufficient to set out a claim that his constitutional rights were violated. After careful review, we affirm.

We review de novo the district court's grant of a motion to dismiss. Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). We may, nevertheless, affirm the district court's judgment on any ground that finds support in the record. Lucas v.

_____

[1] The district court also dismissed Jake Leonard at Topping's insistence; Topping does not challenge this on appeal.

W.W. Grainger, Inc., 257 F.3d 1249, 1256 (11th Cir. 2001).  Under Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" in order to survive a motion to dismiss for failure to state a claim on which relief can be granted under Fed.R.Civ.P. 12(b)(6).  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007)).  In reviewing a motion to dismiss, we accept as true all factual allegations contained in the complaint, but we are "not bound to accept as true a legal conclusion couched as a factual allegation."  Id. at 678 (quotation omitted).  Threadbare recitations of the elements of a cause of action, supported only by conclusory statements, do not suffice.  Id.  Pleadings filed by a pro se litigant are construed liberally, but pro se litigants must nonetheless conform to procedural rules.  Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007).

Section 1983 of Title 42 of the United States Code provides civil liability for any person who, while acting under color of state law, deprives a citizen or other person within the jurisdiction of the United States of any federal right, privilege, or immunity.  Section 1983, however, is not a source of substantive federal rights.  Almand v. DeKalb County, Georgia, 103 F.3d 1510, 1512 (11th Cir. 1997).  Claims brought under Bivens are similar to § 1983 claims, because Bivens

3

essentially created a remedy against federal officers, acting under color of federal law. Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995). Therefore, courts generally apply § 1983 law in Bivens cases. Id. Under Bivens and § 1983, a plaintiff may bring a cause of action against an officer acting in his or her individual capacity, but not against a federal or state government agency. FDIC v. Meyer, 510 U.S. 471, 484-86 (1994); Will v. Mich. Dep't of State Police, 491 U.S. 58, 70-71 (1989). Under Bivens, a government official may not be held liable for the conduct of his subordinates on a theory of respondeat superior; rather, the plaintiff must plead that each government official defendant violated the Constitution through his own individual actions. Iqbal, 556 U.S. at 676.

In § 1983 actions, federal courts apply the forum state's residual statute of limitations for personal injury actions. Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir. 1999). Therefore, we have explained, "a plaintiff must commence a § 1983 claim arising in Florida within four years of the allegedly unconstitutional or otherwise illegal act." Id. The Supreme Court has explicitly rejected the practice of selecting the state statute of limitations most analogous or most appropriate to a particular § 1983 claim. Owens v. Okure, 488 U.S. 235, 248-50 (1989). In Bivens actions, we apply the same statute of limitations as would apply in a § 1983 action. Kelly v. Serna, 87 F.3d 1235, 1238 (11th Cir. 1996). In general, the statute of limitations does not begin to run until the facts supporting a

4

cause of action are apparent or should be apparent to a person with reasonably prudent regard for his rights. Lovett v. Ray, 327 F.3d 1181, 1182 (11th Cir. 2003).

The Supreme Court has allowed Bivens actions that involved the Fifth Amendment's Due Process Clause. See Davis v. Passman, 442 U.S. 228, 243-44 (1979). In Davis, the Supreme Court inferred a new right of action "chiefly because the plaintiff lacked any other remedy for the alleged constitutional deprivation." Correctional Srvs. Corp. v. Malesko, 534 U.S. 61, 67 (2001). Damages may be obtained in a Bivens action when (1) a plaintiff has no alternative means of obtaining redress and (2) no special factors that counsel hesitation are present. Hardison v. Cohen, 375 F.3d 1262, 1264 (11th Cir. 2004). In Miller v. U.S. Department of Agriculture Farm Services Agency, we held that a former employee of the Department of Agriculture could not sue for money damages for wrongful termination under Bivens where he had a right to judicial review under the Administrative Procedures Act. 143 F.3d 1413, 1416-17 (11th Cir. 1998).

The district court did not err in dismissing Topping's claims. To begin with, Topping provided only vague and conclusory allegations of a § 1983 conspiracy, but alleged no facts making the existence of such a conspiracy plausible on its face. Further, because the U.S. Department of Education is a federal agency and the Michigan Higher Education Assistance Authority is a state agency, they cannot be sued under Bivens and § 1983, respectively. As for Jacquenette Thompson,

5

Topping made only conclusory assertions that Thompson violated his rights. Topping attempted to hold Arne Duncan and Michael Flanagan liable under a theory of respondeat superior, but Topping alleged no specifically illegal or unconstitutional conduct of theirs in his case. Moreover, the statute of limitations barred Toppings' claims against Diane Spadoni, Harold Hightower, and Karen Papoi -- and Topping has offered nothing in the face of clear precedent of this Court and the Supreme Court establishing that a four-year statute of limitations applies to his claims. Accordingly, we affirm the district court's dismissal of Topping's complaint.[2]

**AFFIRMED.**

---

[2] Additionally, the district court properly dismissed Topping's claims to the extent that he purportedly brought them under the Federal Tort Claims Act ("FTCA"), because Topping had not alleged that he had exhausted the appropriate administrative remedies. See Dalrymple v. United States, 460 F.3d 1318, 1324 (11th Cir. 2006) (noting that a federal court does not have jurisdiction under the FTCA unless the plaintiff first files an administrative claim with the appropriate agency). Topping has effectively acknowledged on appeal that his claims could not be asserted under the FTCA as of the date when he pursued his complaint because he has filed a parallel FTCA administrative claim.

Also, in his reply brief, Topping has raised the new argument that certain amendments to the Higher Education Act constituted impermissible age discrimination. Because he raises this argument for the first time in his reply brief, he abandoned it. See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) (observing that a pro se litigant abandons any argument not addressed in his opening brief).