Frank SUAREZ, Plaintiff–Appellant,

v.

UNITED STATES of America; The United States Department of Justice; United States Marshal Service; United States Attorney General; Federal Bureau of Investigation; The U.S. Department of Justice Drug Enforcement Administration; John Does 1–20; and Jane Does 1–20, Defendants–Appellees.

No. 93–4355
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

June 13, 1994.

Jay M. Levy, P.A., Miami, FL, for appellant.

Roberto Martinez, U.S. Atty., Linda Collins Hertz, Lisa T. Rubio, Asst. U.S. Attys., Miami, FL, for appellees.

Before TJOFLAT, Chief Judge, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

The appellant, Frank Suarez, challenges the district court's grant of summary judgment to the United States on his claim under the Federal Tort Claims Act (the "FTCA"). Because Suarez failed to meet a jurisdictional

prerequisite to such a suit, the district court correctly declined to hear Suarez's claim.

## I. BACKGROUND

On December 1, 1989, Suarez voluntarily turned himself in to United States Marshals, when he learned that he was the subject of an investigation centering on a federal indictment for a Franklin Suarez, Jr. in Texas. A judge later established that he was not the Franklin Suarez, Jr. named in the indictment, and he was released. On April 2, 1991, Suarez wrote a letter to the United States Marshal's office as notice pursuant to 28 U.S.C. § 2675(a). While stating the nature of the claim and injury, it did not state a sum certain as to damages claimed. On April 18, 1991, the Marshal's service sent Suarez a letter, informing him that he was required to submit a standard Form 95, which was included, and to state a sum certain in damages.

On December 30, 1991, 18 days after the expiration of the two-year statute of limitations for filing an administrative claim under the FTCA, Suarez submitted the completed Form 95. Rather than including a sum certain for damages, however, it included the word "unliquidated" in all sections which requested an amount of damages. Suarez presented no documentation in support of his claim. On January 6, 1992, the government denied the claim as being untimely filed and failing to comply with the prerequisite of denoting a sum certain in the administrative claim.

Suarez filed suit against the United States under the FTCA on July 2, 1992. The government filed a motion to dismiss or, alternatively, for summary judgment, claiming, among other things, that Suarez had failed to file a timely and proper administrative claim in accordance with 28 U.S.C. § 2675(a) and 28 C.F.R. § 14.2(a), because he did not claim a sum certain in damages. The district court granted the government's motion for summary judgment on that ground on February 26, 1993. Suarez timely filed this appeal.

## II. DISCUSSION

In reviewing the grant of a motion for summary judgment, we apply the same standard as the district court. *Carlin Communication, Inc. v. Southern Bell Tel. & Tel. Co.*, 802 F.2d 1352, 1356 (11th Cir.1986). The movant bears the burden of showing the absence of a genuine issue of material fact, and we review the evidence in the light most favorable to the non moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157–59, 90 S.Ct. 1598, 1608–09, 26 L.Ed.2d 142 (1970).

The FTCA is a specific, congressional exception to the general rule of sovereign immunity. It allows the government to be sued by certain parties under certain circumstances for particular tortious acts committed by employees of the government. Sovereign immunity can be waived only by the sovereign, and the circumstances of its waiver must be scrupulously observed, and not expanded, by the courts. *See United States v. Kubrick*, 444 U.S. 111, 117–18, 100 S.Ct. 352, 357, 62 L.Ed.2d 259 (1979).

A federal court may not exercise jurisdiction over a suit under the FTCA unless the claimant first files an administrative claim with the appropriate agency. 28 U.S.C. § 2675(a). That claim is required to be "accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident." 28 C.F.R. § 14.2(a). When the sum certain is omitted, the administrative claim fails to meet the statutory prerequisite to maintaining a suit against the government, and leaves the district court without jurisdiction to hear the case. *See Tidd v. United States*, 786 F.2d 1565, 1567 (11th Cir.1986); *Molinar v. United States*, 515 F.2d 246, 249 (5th Cir.1975).

It is undisputed that Suarez failed, both in his initial letter to the government and in his later Form 95, to submit a sum certain for damages. He argues, however, that we should create an exception to the sum certain requirement in the narrow case where a claimant's damages are unliquidated within the two-year statute of limitations for filing the administrative claim. We decline to create such an exception. First, it does not appear to be a practical necessity. Al-

though Suarez claims that he has not yet reached full mental health since his encounter with the government, this will necessarily be the case in a number of situations where a tortious act occurs. It is quite normal for full recovery, both physical and mental, to require more than the two years allowed for the filing of an administrative claim.

More importantly, such an exception would be beyond the statutory waiver of sovereign immunity contained in the FTCA. There is no indication that the government meant only to require a sum certain claim where all damages were liquidated prior to the expiration of the two-year filing period. We have held that the FTCA requires, at a minimum, that a claimant expressly claim a sum certain or provide documentation which will allow the agency to calculate or estimate the damages to the claimant. *See Molinar,* 515 F.2d at 249. "It is plain that the 'claim' required must be something more than mere notice of a potential lawsuit." *Id.* In this case, Suarez provided the government with no information whatsoever as to his claimed · damages. Such a claim is wholly deficient under the standards set forth by 28 U.S.C. § 2675(a) and 28 C.F.R. § 14.2(a). As a result, the district court was correct in determining that it lacked jurisdiction over Suarez's claim under the FTCA.

### III. CONCLUSION

Suarez invites us to create an exception to the FTCA's sum certain requirement in the case where a claimant's damages remain unliquidated during the two-year period for filing an administrative claim. Since this is contrary to the express statutory prerequisite and prevailing case law, and there is no indication that Congress intended to waive its sovereign immunity under conditions other than those expressly provided in the FTCA, we decline to create such an exception. We agree with the district court that Suarez failed to meet the FTCA's prerequisite to filing suit against the government, and that the federal court lacked jurisdiction to hear his case.

AFFIRMED.