**UNITED STATES of America, Plaintiff–Appellant,**

v.

**LAND, SHELBY COUNTY, Real Property located at 632–636—9th Avenue, Calera, Alabama, together with all improvements, fixtures and appurtenances thereto or thereon, Defendant–Appellee,**

**Henry Ford, Defendant.**

No. 93–6519.

United States Court of Appeals, Eleventh Circuit.

Feb. 16, 1995.

**398**

Jack W. Selden, U.S. Atty., James D. Ingram, Birmingham, AL, for appellant.

Jessee P. Evans III, Najjar Denaburg, P.C., Birmingham, AL, for appellee.

Before EDMONDSON and CARNES, Circuit Judges, and HENDERSON, Senior Circuit Judge.

## PER CURIAM:

In August 1991, the government brought a forfeiture action (21 U.S.C. § 881) against this land in Alabama, alleging that the property was used by Fannie Mae Victor in drug transactions for which she was arrested and convicted. The only potential claimant to appear in the action was Henry Ford, the owner of the defendant property. Ford filed a "purported answer," which the district court struck in October 1991. By then, it was too late for Ford to file a proper claim.

Noting that no claimants existed to fight the government's claim, the court appointed Jesse Evans as counsel for the defendant real property. Five months later, Ford was allowed to reappear as a claimant; but the court also allowed Evans to remain as appointed counsel for the property.

Ford filed a motion for summary judgment, asserting an "innocent owner" defense. The district court granted Ford's motion. 798 F.Supp. 1540. Then, Evans filed for an award of fees, claiming entitlement, as a prevailing party, under the Equal Access to Justice Act ("EAJA") (28 U.S.C. § 2412).[1] The district court granted the award of attorney's fees, and the government appeals.

The government argues that the statutory definition of party cannot include property.[2] Section 2412(d)(2)(B) defines "party":

"party" means (i) an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed, or (ii) any owner of an unincorporated business, or any partnership, corporation, association, [or] unit of local government [of certain sizes]

Property, alone, cannot fit the definition of "party." Therefore, property, alone, cannot be a "prevailing party."

EAJA's definition of "party" restricts who may be an eligible party for fees. And, because the EAJA is a waiver of governmental sovereign immunity, the statute must be strictly construed. *Suarez v. United States,* 22 F.3d 1064 (11th Cir.1994). If Congress intended the statute to include the award of attorney's fees to any participant in a lawsuit, Congress could have stated that intention. Instead, Congress expressly limited who may be considered a "party" and, thus, who may be a "prevailing party" for purposes

---

1. The EAJA is an express limited waiver of sovereign immunity, allowing a prevailing party in a civil action against the United States to recover attorney's fees. *Ardestani v. U.S. Dept. of Justice, I.N.S.,* 904 F.2d 1505, 1509 (11th Cir.1990).

2. The government failed to make this argument in district court. But, the government's argument is essentially a claim that the government did not waive its sovereign immunity. Sovereign immunity of the United States is an issue of subject matter jurisdiction and, thus, may be raised at any time. *Westlands Water Dist. v. Firebaugh Canal,* 10 F.3d 667, 673 (9th Cir. 1993). *See also United States v. Testan,* 424 U.S. 392, 397, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976) (quoting *United States v. Sherwood,* 312 U.S. 584, 585, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941)); F.R.Civ.P. 12(h).

of an award of attorney's fees. The district court's award of attorney's fees is REVERSED.

REVERSED.