[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-12234
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 21, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-00381-CV-4-WS-WCS

KENNETH B. WILLS,

Plaintiff-Appellant,

versus

POSTMASTER GENERAL,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(November 21, 2008)

Before ANDERSON, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Kenneth Wills, an African-American male, appeals the district court's

summary judgment in favor of his former employer, the United States Postal

Service ("USPS"), and denial of his partial motion for summary judgment on his

pro se employment discrimination lawsuit alleging disparate treatment and

harassment based on race, and retaliation, in violation of Title VII of the Civil

Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"); discrimination in

violation of the Rehabilitation Act, 29 U.S.C. § 701, et seq.; and negligent

retention of an employee by his federal employer.[1]

"[W]e review de novo a district court's grant of summary judgment,

applying the same legal standards as the district court." Chapman v. AI Transport,

229 F.3d 1012, 1023 (11th Cir. 2000) (en banc). The moving party is entitled to

summary judgment if "the pleadings, the discovery and disclosure materials on

file, and any affidavits show that there is no genuine issue as to any material fact

and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(c). If the non-moving party bears the ultimate burden of proof regarding the

claim at issue in the motion, that party, in response to the motion, must go beyond

---

[1] In addition to appealing the summary judgment rulings, Wills argues that the district court erred in denying his motions for appointment of counsel. Even if this claim were not waived by Wills's failure to object to the denials below, this Court reviews the denial of a motion to appoint counsel only for abuse of discretion, United States v. Berger, 375 F.3d 1223, 1226 (11th Cir. 2004). Under 28 U.S.C. § 1915(e)(1), a court may appoint counsel for indigent plaintiffs, but only in exceptional circumstances. Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999). Here, the district court did not abuse its discretion in finding that the facts and legal issues relating to Wills's Title VII, Rehabilitation Act, and tort claims were not so novel or complex as to constitute exceptional circumstances warranting appointment of counsel.

the pleadings and establish, through competent evidence, that there truly is a genuine, material issue to be tried. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

Wills argues that the USPS violated Title VII, which prohibits employers from discriminating on the basis of race, see 42 U.S.C. § 2000e-2(a), when it suspended Wills in 2004[2] and terminated him in 2005, and because he was subjected to racial harassment by a supervisor. Normally, before filing a Title VII action, a plaintiff must exhaust his administrative remedies by filing a charge of discrimination with the EEOC. Gregory v. Ga. Dep't of Human Res., 355 F.3d 1277, 1279 (11th Cir. 2004). A plaintiff's judicial complaint is limited by the scope of the EEOC investigation that "can reasonably be expected to grow out of the charge of discrimination." Id. at 1280 (quoting Alexander v. Fulton County, Ga., 207 F.3d 1303, 1332 (11th Cir. 2000)).

Wills did not administratively exhaust any claim that his suspension in 2004 or his termination in 2005 constituted discrimination on the basis of race. Further, because Wills's EEOC complaint did not mention any harassment except a single

_____

[2] With respect to his suspension, Wills also argues that he was wrongfully suspended for absences that were covered by the Family and Medical Leave Act, 5 U.S.C. § 6381, et seq. ("FMLA"). However, since the FMLA does not provide a private cause of action for federal government employees against their government employers, see id., the district court was correct to analyze Wills's discrimination claims under only Title VII and the Rehabilitation Act.

3

incident that occurred on September 23, 2003, that was the only harassment claim to be exhausted. Thus the district court did not err in barring these claims for failure to exhaust available administrative remedies.

Wills also argues that the USPS violated Title VII when it treated him differently because of his race in denying him forklift training, requiring him to work on a holiday, denying him the opportunity to work requested overtime, requiring him to work two machines simultaneously, and requiring him to operate a machine with a defective "stop" button. To establish a prima facie case of disparate treatment based on race, an employee must show that: (1) he is a member of a protected class; (2) he was subject to an adverse employment action; (3) his employer treated similarly situated employees who were not members of his class more favorably; and (4) he was qualified for the job or benefit at issue. Gillis v. Ga. Dep't of Corrections, 400 F.3d 883, 887 (11th Cir. 2005).

Here, Wills provided numerous examples of situations in which he felt he was mistreated, but he failed to show that he was treated differently because of his race. Indeed, in many instances, white employees were subject to the same treatment. Thus, because Wills did not show that he was treated differently than any other similarly situated employees, the USPS was entitled to summary judgment on his Title VII disparate treatment claims.

Wills also argues that he was subject to racial harassment by the USPS in violation of Title VII. To establish a hostile work environment under Title VII, an employee must demonstrate that: (1) he belongs to a protected group; (2) he has been subjected to unwelcome harassment; (3) the harassment was based on the protected characteristic; (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and thus create a discriminatorily abusive work environment; and (5) the employer is responsible for that environment under a theory of either direct or vicarious liability. Miller v. Kenworth of Dothan, Inc., 277 F.3d 1269, 1275 (11th Cir. 2002).

As discussed above, Wills exhausted only one claim of racial harassment – that on September 23, 2003, a supervisor was hostile to him. He did not show that this single incident was tied to his race, nor that it was sufficiently severe or pervasive as to alter the terms and conditions of his employment. Accordingly, the district court did not err by granting summary judgment on this issue.

Wills also argues that the USPS retaliated against him, in violation of Title VII, in response to his filing of a complaint with the EEOC. To state a claim for retaliation under Title VII, 42 U.S.C. § 2000e-3(a), an employee must prove that "he engaged in statutorily protected activity, he suffered a materially adverse action, and there was some causal relation between the two events." Goldsmith v.

5

Bagby Elevator Co., Inc., 513 F.3d 1261, 1277 (11th Cir. 2008) (citing Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53 (2006)).  The filing of an EEOC charge constitutes a "statutorily protected activity."  See id. (applying this analysis in a case where the employee was fired after filing a charge with the EEOC).

"After the plaintiff has established the elements of a claim, the employer has an opportunity to articulate a legitimate, nonretaliatory reason for the challenged employment action as an affirmative defense to liability."  Id.  If the employer does so, the plaintiff may prevail only by "demonstrat[ing] that the proffered reason was not the true reason for the employment decision . . .  by persuading the court that a discriminatory reason more likely motivated the employer or . . . by showing that the employer's proffered explanation is unworthy of credence."  Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 256 (1981).

Here, the USPS offered Wills's excessive absences as a legitimate, nondiscriminatory explanation for its actions, and, therefore, Wills was required to demonstrate that that reason was pretextual.  He did not present any evidence to show that the USPS didn't actually believe that its leave calculations and records were correct or that the true reason for suspending Wills was in retaliation for his EEOC charge.  Accordingly, summary judgment for the USPS was proper.

Wills also argues that he was discriminated against because of mental and

6

emotional disabilities in violation of the Rehabilitation Act. To qualify as disabled, a plaintiff must have an impairment that "substantially limits one or more major life activities." 29 U.S.C. § 705(9)(B). Although the record showed that Wills had mental impairments, it did not show that he was substantially limited in any major life activity. Thus, the USPS was entitled to summary judgment on Wills's Rehabilitation Act claims.

Wills also brings a claim against the USPS arguing that it negligently retained Wills's supervisor. The district court properly found that this tort claim could only be brought under the Federal Tort Claims Act, see 28 U.S.C. § 1346(b), 28 U.S.C. § 2671 et seq. ("FTCA"), and that under the FTCA Wills had named the wrong defendant, the USPS, rather than the United States. Even if this flaw had not waived Wills's tort claim, it was still properly dismissed for lack of exhaustion.

A federal court has no subject matter jurisdiction over a suit against the United States unless the plaintiff has first filed an administrative claim with the concerned agency pursuant to § 2675(a) that contains a "claim for money damages in a sum certain." Dalrymple v. United States, 460 F.3d 1318, 1324 (11th Cir. 2006). "When the sum certain is omitted, the administrative claim fails to meet the statutory prerequisite to maintaining a suit against the government, and leaves the district court without jurisdiction to hear the case." Suarez v. United States, 22

F.3d 1064, 1065 (11th Cir. 1994).

Here, the record shows that Wills did not comply with the FTCA's exhaustion requirements. Specifically, he never presented to the USPS an administrative claim stating a sum certain. Accordingly, his claim of negligent retention was precluded under the FTCA.

**AFFIRMED.**