**April KRUGER, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civil Action No. 1:09–cv–600–TCB.**

United States District Court, N.D. Georgia, Atlanta Division.

Feb. 18, 2010.

---

James Drury Flowers, Office of James Drury Flowers, Alpharetta, GA, Richard H. Gasperini, Goodman, Allen & Filetti, PLLC, Glen Allen, VA, for Plaintiff.

Alonzo H. Long, Robert David Powell, Office of United States Attorney, Atlanta, GA, for Defendant.

## ORDER

TIMOTHY C. BATTEN, SR., District Judge.

This matter is before the Court on Plaintiff April Kruger's motion for leave to file an amended complaint [18].[1]

### I. Background

April Kruger was the spouse of Michael Kruger, Jr., an active duty sailor in the United States Navy. In April's original complaint, filed on March 5, 2009, she asserted a negligence claim for alleged medical malpractice committed by Navy doctors who examined and treated her beginning in September 2004 for complaints of a lump in her right breast, which later turned out to be breast cancer. Specifically, April alleged that the United States, through the doctors that it employed, negligently failed to timely diagnose and treat her breast cancer. April's complaint sought damages in the amount of $5,000,000.

On October 27, 2009, April died as a result of metastatic breast cancer. She is survived by her husband Michael, and her three children, Jack Morrow, Moriah, and Micah, the latter two being the natural children of Michael. April's mother, Linda Sanders–Lucas, became the executor of her estate. Ms. Sanders–Lucas has also been designated the legal guardian of April's first child, Jack Morrow.

In light of April's death, her counsel moves for leave to file an amended complaint to substitute Ms. Sanders–Lucas, in her capacity as executor of April's estate, as the party-Plaintiff for the pending negligence claim that was initiated by April. Ms. Sanders–Lucas seeks to pursue April's negligence claim under Guam's Survival Statute, requesting damages for April's lost earnings and medical expenses. *See* Guam Code Ann. tit. 19, § 31104 (2009). The United States does not oppose this portion of Plaintiff's motion to amend.

Plaintiff also seeks to amend the complaint to add the following parties as plaintiffs: Michael Kruger personally and on behalf of Moriah and Micah, and Ms. Sanders–Lucas on behalf of Jack Morrow. The proposed amendment indicates that Michael and the three children each wish to pursue separate wrongful death claims under Guam's Wrongful Death Statute.

---

1. Defendant United States of America filed a motion for extension of time [19] to respond to Kruger's motion for leave to file an amend-

ed complaint. The United States' motion was unopposed and therefore it is GRANTED [19].

*See* Guam Code Ann. tit. 7, § 12109 (2009), seeking damages for loss of consortium and lost income. The United States opposes this portion of the motion to amend, contending that the proposed new plaintiffs have failed to administratively exhaust their wrongful death claims in accordance with the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.*, and therefore it would be futile for the Court to grant the amendment.[2]

## II. Discussion

### A. Legal Framework Under the FTCA

"The FTCA is a specific, congressional exception" to the United States' sovereign immunity for tort claims, under which the government may "be sued by certain parties under certain circumstances for particular tortious acts committed by employees of the government." *Suarez v. United States*, 22 F.3d 1064, 1065 (11th Cir.1994). This waiver "must be scrupulously observed, and not expanded, by the courts." *Id.*

A federal court does not have "jurisdiction over a suit under the FTCA unless the claimant first files an administrative claim with the appropriate agency ... within two years from the time the claim accrues ... accompanied by a claim for money damages in a sum certain." *Dalrymple v. United States*, 460 F.3d 1318, 1324 (11th Cir.2006); *see also* 28 U.S.C. § 2675. Before instituting a federal suit, the claimant must wait either until the administrative agency finally denies the claim or until at least six months have passed after the claim was filed. 28 U.S.C. § 2675(a). Because "[t]he FTCA bars claimants from bringing suit in federal court until they

have exhausted their administrative remedies," the district court lacks subject matter jurisdiction over prematurely filed suits. *McNeil v. United States*, 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993).

■ "The FTCA requires that *each* claim and *each* claimant meet the prerequisites for maintaining a suit against the government." *Dalrymple*, 460 F.3d at 1325. Thus, "in multiple claimant actions under the FTCA, each claimant must individually satisfy the jurisdictional prerequisite of filing a proper claim." *Id.*

### B. Analysis

■ It is undisputed that April's original negligence claim was administratively exhausted. Specifically, prior to filing her original complaint, April filed a claim with the United States Department of the Navy in accordance with 28 U.S.C. § 2675. The United States Department of the Navy failed to make a final disposition of April's claim within six months. Accordingly, April elected to file suit.

The dispute centers on whether the proposed additional plaintiffs who aim to assert wrongful death claims must first exhaust those claims by filing administrative claims with the Department of the Navy.

The leading Eleventh Circuit case on administrative exhaustion in the context of the FTCA is *Turner v. United States*, 514 F.3d 1194 (11th Cir.2008). In *Turner*, the Eleventh Circuit held that an administrative claim filed with the Navy regarding the alleged negligent medical treatment of a young boy served only to exhaust the boy's claims, not his parents' loss of consortium claims. *Id.* at 1201–02. The

---

2. Although Fed.R.Civ.P. 15(a) instructs that leave to amend should be liberally granted, it is well settled that a court may deny a motion to amend if the amendment would be futile.

*See Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Rudolph v. Arthur Andersen & Co.*, 800 F.2d 1040, 1041–42 (11th Cir.1986).

Eleventh Circuit noted that even though the original claim form that was submitted may have indicated that the parents could potentially file claims of their own (indeed, the form stated that the parents had suffered damages), the parents were not listed as claimants and no amount was provided for their potential claims. *Id.* at 1201. In holding that the district court lacked jurisdiction to hear the parents' claims, the Eleventh Circuit emphasized that the "FTCA requires that *each* claim and *each* claimant meet the prerequisites for maintaining a suit against the government." *Id.* at 1200 (citations omitted).

Recognizing that *Turner* strongly supports the United States' position in the present case, Plaintiff turns instead to *Brown v. United States*, 838 F.2d 1157 (11th Cir.1988). In that case, Charlie Brown administratively exhausted his negligence cause of action by filing a claim with the Veteran's Administration ("VA") eight months prior to filing his complaint in federal court. He subsequently died. Charlie's counsel moved to substitute Dewey Brown, who had been appointed as personal representative of Charlie's estate, as the party-plaintiff to the suit originally commenced by Charlie. At the same time, Charlie's counsel moved to amend the complaint to set forth a cause of action for wrongful death under Florida law. The United States argued that the district court lacked jurisdiction to hear the wrongful death claim because that claim was not presented to the VA in the first instance. The Eleventh Circuit rejected the United States' argument, holding that Dewey Brown was not required to file an administrative claim with the VA because

Dewey's claim and Charlie Brown's claim were based upon the same injury in fact. *Brown,* 838 F.2d at 1161.

Citing *Brown,* Plaintiff thus contends that administrative exhaustion should not be required in this case because the proposed wrongful death claims and April's original personal injury claim arise from the same set of facts.

At first glance, *Brown* appears to support Plaintiff's argument. However, a closer reading of *Brown* reveals that its holding was narrower than Plaintiff suggests. Specifically, in footnote nine of the *Brown* decision, the Eleventh Circuit was careful to explain that a claimant *would* be required to file an administrative claim if a different personal injury were being alleged. *See Brown,* 838 F.2d at 1161 n. 9.[3] In other words, if a proposed new plaintiff seeks to add claims for injuries that were not previously alleged in the original administrative claim, then those new claims must first be administratively exhausted. *Accord Rucker v. United States Dep't of Labor,* 798 F.2d 891, 893–94 (6th Cir.1986) (FTCA's jurisdictional requirement not satisfied for wife and children of a tort claimant where claimant's administrative claim fails to identify them as claimants); *Walker v. United States,* 471 F.Supp. 38, 42 (M.D.Fla.1978) (husband's administrative claim did not satisfy the filing requirement for his wife's personal injury claim for loss of consortium).

The case at bar presents the situation contemplated by footnote nine of the *Brown* decision.[4] Here, the proposed plaintiffs each seek to assert wrongful death claims based primarily upon loss of consortium, which is a distinct injury from

---

**3.** However, in *Brown,* Dewey Brown was merely seeking to recover for the same injuries that Charlie had sought to recover in his initial administrative claim.

**4.** *Turner* also presented such a situation because the parents were seeking to assert claims for loss of consortium, which went beyond the scope of the injuries alleged in their son's administrative claim.

what was asserted in April's original administrative claim. Thus, although *Brown* provides support for the addition of the executor (Ms. Ms. Sanders–Lucas) to litigate April's negligence claim on her behalf, it does not permit the Court to exercise jurisdiction over the wrongful death claims that are asserted by the proposed new plaintiffs.

Moreover, *Brown* is factually distinguishable from the present case. In *Brown*, unlike the instant case (and *Turner* for that matter), the plaintiff merely sought to add as a party the personal representative of the estate. Here, Plaintiff seeks to add four new party-plaintiffs to this action. Plaintiff never states that these four parties were identified as possible claimants in April's administrative claim. Additionally, there is no evidence that the administrative claim identified the potential claims of these four parties, or stated their damages in a sum certain as required by *Turner*.

After careful review, the Court thus finds that at this time it is without jurisdiction to hear the claims of Michael Kruger and April's three children and that their claims must first be administratively exhausted. *Accord Boccio v. United States*, No. 8:09–cv–475, 2009 WL 1767614, *1 (M.D.Fla. June 22, 2009) (although a claimant need not provide a preview of his entire lawsuit in filing a claim with a federal agency, other potential claimants need to file their own agency claims even though their injuries may be derived from the same set of facts).

### III. *Conclusion*

For the foregoing reasons, the Court DENIES IN PART AND GRANTS IN PART Plaintiff's motion for leave to file an amended complaint [18] and GRANTS Defendant's motion for an extension of time [19]. The CLERK is DIRECTED to DROP April Kruger as a party-Plaintiff and ADD Ms. Sanders–Lucas, in her capacity as executor of April's estate, as the party-Plaintiff for the pending negligence claim that was initiated by April.

IT IS SO ORDERED.