[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-12875

Non-Argument Calendar

_____

DANIEL L. MORGAN,

Plaintiff-Appellant,

*versus*

UNITED STATES OF AMERICA,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 5:20-cv-00588-CEM-PRL

_____

Before Newsom, Anderson, and Ed Carnes, Circuit Judges.

PER CURIAM:

Daniel L. Morgan, proceeding *pro se*, sued the United States under the Federal Tort Claims Act (FTCA), alleging that the department of health services at the prison where he was incarcerated had inadequately treated his back injury.  The district court determined that his claim was time-barred and granted summary judgment to the United States.  Morgan concedes that his FCTA claim accrued no later than January 18, 2018, when he allegedly found out about the mistreatment.

He contends, however, that he timely presented his tort claim to Bureau of Prisons (BOP) within the FTCA's two-year statute of limitations when he filed with the BOP on April 5, 2019, a request for an administrative remedy under the Administrative Remedy Program.  But he is mistaken.  His request for an administrative remedy filed under the Administrative Remedy Program does not satisfy the FTCA's presentment requirement.  Because he actually presented his tort claim to the BOP on June 16, 2020, more than two years after his alleged injury accrued, the district court correctly entered summary judgment for the United States.  We affirm.

## I.    BACKGROUND

Morgan alleges that he injured his back in July 2014 while he was incarcerated at the Federal Correctional Complex, Coleman, Florida (FCC Coleman).  He reported the injury to FCC Coleman's

Health Services Department and received an x-ray on July 14, 2014. For the next few years Morgan continued to complain of back pain, and he received a second x-ray in March 2017. Then, on April 26, 2017, he received for the first time the results of both x-rays, which, according to Morgan's allegations, "showed that he had degenerative disc disease and his condition was 'worsening.'"

After Morgan received the x-rays, Health Services allegedly told him that there were no surgical remedies or alternative medical treatments available to treat the disease other than pain medication and physical therapy. Morgan was prescribed anti-inflammatory medication and physical therapy.

On January 18, 2018, Morgan decided to conduct his own investigation into treatments available for his condition. He allegedly requested that his cousin "GOOGLE the term 'Degenerative Disc Disease' and emai[l] him the results." His cousin did that, relating to Morgan in an email on January 18 that there were, in fact, alternative medical treatments available other than pain medication and physical therapy. Based on that information, Morgan alleges that Health Services "lied" to him when it told him that the only treatments for his disease were pain medication and physical therapy.

More than a year later, on April 5, 2019, Morgan filed a request for an administrative remedy with the warden of FCC Coleman in accordance with the prison's Administrative Remedy Program. *See* 28 C.F.R. § 542.11(a) (requiring correctional institutions to implement and operate an "Administrative Remedy Program").

In that filing, Morgan requested an administrative remedy and monetary compensation for Health Services' alleged misrepresentation about the available medical treatments to address degenerative disc disease. The warden denied his request on April 20, 2019, and informed Morgan that the Administrative Remedy Program was not the correct avenue to request monetary compensation. The warden's response stated: "As for your request for monetary compensation, you would need to file a TORT claim to receive reimbursement (Program Statement 1320.06, *Federal Tort Claims Act*)."

A little less than a month later, on May 13, 2019, Morgan appealed the warden's decision to the Regional Office of the BOP. On June 12, that office provided a response similar to the warden's: "Monetary damages cannot be provided under the Administrative Remedy Program. If you wish to seek monetary compensation for an injury or loss allegedly caused by staff negligence, you may consider filing a separate claim under the appropriate administrative claim process (i.e. . . . the Federal Tort Claims Act)." Finally, after appealing that decision to the Central Office of the BOP on July 19, Morgan received another similar response from that office on August 29: "Regarding your request for monetary compensation, Program Statement 1330.18, *Administrative Remedy Program*, does not provide such relief. There are statutorily-mandated procedures in place for addressing such requests. Therefore, your request will not be considered in this response."

More than eight months after that, Morgan described his grievance with Prison Health Services' response to his back injury on a Standard Form 95. "A Standard Form 95 is the standard form used to file a claim against the government under the FTCA." *Dalrymple v. United States*, 460 F.3d 1318, 1322 n.3 (11th Cir. 2006); *see* 28 C.F.R. § 14.2(a) (allowing claimants to present administrative claims to federal agencies on Standard Form 95). Morgan's Standard From 95 was dated May 6, 2020, and it identified the date of Morgan's "accident" as July 7, 2014.

The BOP received Morgan's Standard Form 95 on June 16, 2020. In response, the BOP explained that the FTCA requires that a tort claim against the United States be "presented in writing to the appropriate federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). Because Morgan had alleged in the Standard Form 95 that his injury occurred on July 7, 2014, the BOP determined that presenting the claim almost six years later was untimely.

Morgan then sued the United States under the FTCA, reiterating the allegations that he had made through administrative channels. The district court granted the United States' motion for summary judgment, finding that because Morgan's administrative claim was not timely presented to the appropriate agency, it was barred by the statute of limitations under the FTCA. Morgan appeals that judgment.

## II.    DISCUSSION

We review *de novo* a district court's order granting summary judgment, construing all evidence and drawing all reasonable inferences in favor of the non-moving party. *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259–60 (11th Cir. 2004). Summary judgment is appropriate where the movant demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

"The FTCA is a specific, congressional exception to the general rule of sovereign immunity." *Suarez v. United States*, 22 F.3d 1064, 1065 (11th Cir. 1994). The FTCA "allows the government to be sued by certain parties under certain circumstances for particular tortious acts committed by employees of the government." *Id.*

A federal court may not hear a suit under the FTCA unless and until the claimant submits "an administrative claim with the appropriate agency." *Id.*; *see also* 28 U.S.C. § 2675(a); *Douglas v. United States*, 814 F.3d 1268, 1279 (11th Cir. 2016) (explaining that a plaintiff must fully exhaust administrative remedies before filing a suit under the FTCA). "If the claim is not presented in writing to the agency within two years after it accrues, it is forever barred." *Barnett v. Okeechobee Hosp.*, 283 F.3d 1232, 1237 (11th Cir. 2002); *see* 28 U.S.C. § 2401(b). The two-year time limit is not a jurisdictional restriction, but instead a statute of limitations. *United States v. Wong,* 575 U.S. 402, 410–12 (2015).

Pursuant to 28 C.F.R. § 14.2(a), "a [tort] claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative,

an executed Standard Form 95 or other written notification of an incident." The claim should be submitted "to the Federal agency whose activities gave rise to the claim." 28 C.F.R. § 14.2(b)(1). Under 28 C.F.R. §§ 543.30–32, the BOP has crafted specific regulations about how inmates should file administrative tort claims against the BOP. *See Douglas*, 814 F.3d at 1279.

The issue is whether Morgan properly presented his claim to the BOP within two years of the date on which his claim accrued. Medical malpractice claims under the FTCA accrue "when the plaintiff is . . . aware of both [his] injury and its connection with some act of the defendant." *Diaz v. United States*, 165 F.3d 1337, 1339 (11th Cir. 1999) (quotation marks omitted). Morgan contends that he was made aware of possible alternative treatments for his back injury on January 18, 2018, when his cousin emailed him. He concedes that the latest possible date that his FTCA claim accrued was thus on January 18, 2018, because on that day Morgan knew of both the alleged injury and its alleged cause. *See id.* But the BOP did not "receive[]" Morgan's Standard Form 95 until June 16, 2020. *See* 28 C.F.R. § 14.2(a). That means Morgan did not present his Standard Form 95 to the proper agency, the BOP, until June 16, 2020. *See id.* That's more than two years after his claim accrued. *See* 28 U.S.C. § 2401(b). It is therefore "forever barred." *Id.*

Morgan contends that he timely presented his claim when he filed a request for relief through the Administrative Remedy Program on April 5, 2019, because, in his view, that filing counts as "written notification of an incident" that was "presented" to the

proper federal agency.[1]  28 C.F.R. § 14.2(a).  He asserts that 28 C.F.R. § 14.2(b)(1) required the BOP's Administrative Remedy Program to transfer his "FTCA administrative remedy to the appropriate [BOP] office."

But that isn't a correct application of 28 C.F.R. § 14.2 to the facts of this case.  Under that regulation, when an FTCA claim is presented to the wrong federal agency, "that agency shall transfer it forthwith to the appropriate agency, if the proper agency can be identified from the claim, and advise the claimant of the transfer." 28 C.F.R. § 14.2(b)(1).  So, it's true that 28 C.F.R. § 14.2(b)(1) requires an agency that erroneously receives a tort claim filed in accordance with the FTCA to transfer that tort claim to the correct agency.

But Morgan's April 5, 2019, filing was submitted through the Administrative Remedy Program — it was not asserted as a tort claim under the FTCA.  Section 14.2 applies only to *tort* claims filed under the FTCA.  *Id.* § 14.1 (describing the scope of § 14.2 as "apply[ing] only to claims asserted under the Federal Tort Claims Act").  The Administrative Remedy Program is a unique procedural device that "allow[s] an inmate to seek formal review of an issue relating to any aspect of his/her own confinement," 28 C.F.R.

---

[1] We conclude that Morgan has not forfeited that contention even though he makes it for the first time on appeal.  *See Hi-Tech Pharmaceuticals, Inc. v. HBS Int'l Corp.*, 910 F.3d 1186, 1194 (11th Cir. 2018) (concluding that a party had not forfeited an argument it advanced for the first time on appeal, and reasoning: "[p]arties can most assuredly waive [or forfeit] positions and issues on appeal, but not individual arguments") (quotation marks omitted).

§ 542.10, and it is separate and distinct from the procedure for asserting tort claims for monetary damages against the United States. *Compare id.* (describing the Administrative Remedy Program's purpose and procedure), *with* 28 C.F.R. § 543.30 (describing "the procedures to follow when filing an administrative tort claim with the Bureau of Prisons."). Morgan's request for an administrative remedy that he filed under the Administrative Remedy Program was not a tort claim. So there was no *tort* claim for the BOP's Administrative Remedy Program to transfer. *See* 28 C.F.R. § 14.2(b)(1).

When the BOP receives a request under the Administrative Remedy Program that "cannot be resolved under the Administrative Remedy Program," its only duty is to "refer the inmate to the appropriate statutorily-mandated procedures." 28 C.F.R. § 542.10(c). And that is true when the BOP receives a complaint about the quality of prison healthcare that should be asserted as an FTCA claim for monetary damages. *See id.* ("There are statutorily-mandated procedures in place for tort claims (28 CFR part 543, subpart C) . . . . If an inmate raises an issue in a request or appeal that cannot be resolved through the Administrative Remedy Program, *the Bureau will refer the inmate to the appropriate statutorily-mandated procedures.*") (emphasis added). That's exactly what the BOP did in this case. Not just once, and not just twice, but three times, the BOP informed Morgan that he could not seek monetary damages for a tort claim through the Administrative Remedy Program. And each time, it referred him to the proper statutory procedure if he wanted to pursue such a claim. *See id.*

Morgan did not properly present a tort claim to the BOP until June 16, 2020, when the BOP received his Standard Form 95. *See* 28 C.F.R. § 14.2(a); *Barnett*, 283 F.3d at 1237. That was more than two years after his claim had accrued on January 18, 2018. *See* 28 U.S.C. § 2401(b). The district court's grant of summary judgment to the United States is **AFFIRMED.**